THOMAS JAMES vs. GEORGE MORGAN.

An action at law was brought to the Superior Court. After bringing the suit, the plaintiff, who lived out of the state, died in a neighboring state in the spring of 1868, leaving a will which was there proved, by which he made his wife one of his executors. At the October term, 1868, a term of the court having intervened, the death of the plaintiff was suggested on the record and the widow entered her appearance as administratrix, but she had not proved the will or taken out administration in this state. At the October term, 1869, objection was made by the defendant that the administratrix had entered too late, which objection was over-ruled. At the December term, 1869, the defendant moved for additional bond, on the ground that the administratrix lived out of the state, which bond was ordered and given. Later in the same term the defendant filed a motion that the case be stricken from the docket on the ground that the administratrix did not enter her appearance at the next term after the death of the plaintiff, and on the further ground that she had not taken out administration or proved the will in this state. Until a few days before filing the motion neither the defendant nor his counsel knew that the widow had not taken out administration in this state. Held that the motion was made too late.

A motion to dismiss a case for such a cause is a dilatory plea in the strictest sense, and the ordinary rules governing pleas in abatement are applicable to it.

Ignorance of a cause of abatement will never justify the filing of a plea after the time limited.

Where the cause of abatement arises after the first day of the term the defendant must inform himself and file his plea within a reasonable time.

ASSUMPSIT, brought to the Superior Court in Fairfield county at the August term, 1867. At the December term, 1869, the defendant filed the following motion.

" The defendant, before pleading to the declaration of the plaintiff, makes this his motion in writing to the court that said case be stricken from the docket and dismissed, for that the said Thomas James is now deceased and has been for a long time, to wit, since May, 1868, and no appearance was entered at the next term after his death by any executor, administrator or representative of said deceased to prosecute said action, nor has any administrator legally appointed in this state or any legally appointed executor entered his or her or their name or names to prosecute said suit, but the same is now on the docket of this court with no legal party plaintiff entitled to the assets of said estate or to the amount

recovered if any should be in said action; and this the defendant is ready to prove."

On this motion the court found the following facts:

After bringing the suit the plaintiff removed from the state of New York, where he resided when the suit was brought, to the state of New Jersey, and died there in the spring of 1868, leaving a will duly executed according to the law of the state of New Jersey. After his death the will was proved and approved before the surrogate of the county where he died, the surrogate having jurisdiction. By the terms of the will Elizabeth James, the wife of the plaintiff, was made one of the executors, and she was duly qualified as such, and she was also residuary legatee. At the October term of the Superior Court, 1868, holden at Danbury, the death of the plaintiff was suggested on the record and the said Elizabeth James entered as administratrix, not having proved the will in this state. No objections were made, except that at the October term, 1869, the objection was made that the entry was too late, not being made at the next term after the plaintiff's death, which objection was overruled by the court. At the December term, 1869, after the case had been drawn out for trial to the jury, the defendant moved for additional bond, stating that the executrix lived out of the state; which bond was ordered, and filed within the time limited by the court. When the case had been assigned and reached for trial, the defendant offered the motion to erase the cause from the docket. Until about the time of the filing of the motion neither the defendant nor his counsel knew the fact that the widow had not taken out letters of administration in this state. After the motion to erase was made, and the case was reserved by agreement of the parties for the consideration of the Supreme Court, the widow as executrix caused the will of the plaintiff to be proved and approved in this state, in the probate district of Danbury, where one of the garnishees in the process of foreign attachment accompanying the writ resided, and offered the same in evidence in court. The court admitted the same and found that the will was duly proved and approved by the executrix in this state.

-Upon these facts the questions arising on the motion were reserved for the advice of this court.

*Taylor* and *Brewster*, in support of the motion.

1. By the terms of the statute by virtue of which the executrix seeks to enter and prosecute this action, the executor who is to " enter" and " prosecute" is the very one by whom the action might have been " originally prosecuted." Unless the same word is to have two distinct meanings in a single clause of the statute no executor can " enter" and "prosecute" an action on the death of the plaintiff who could not bring an original action in this state. Gen. Statutes, page 21, sec. 95 ; *Buck* v. *Goodrich*, 33 Conn., 37, 41. But " executors appointed and qualified in a foreign jurisdiction cannot maintain actions in this state for debts due the deceased until qualified according to the laws here." *Perkins* v. *Williams*, 2 Root, 462 ; *Riley* v. *Riley*, 3 Day, 74 ; *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn., 145. This is the law in the states generally. *Kerr* v. *Moon*, 9 Wheat., 565 ; *Goodall* v. *Marshall*, 14 N. Hamp., 161 ; 2 Redfield on Wills, 16, sec. 5, art. 7. The several American states are to be regarded as strictly foreign to each other in the settlement of estates. *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn., 145 ; *Marcy* v. *Marcy*, 32 Conn., 308, 317.

2. The entry of the executrix as administratrix at the October term, 1868, was only through the favor of the court, not being made at the next term after the plaintiff's death. *Russell* v. *Hosmer*, 8 Conn., 229. From that time until December, 1869, (when the defendant first became aware of the fact,) there was no entry by any legally qualified representative of the deceased. We submit that under the ruling in *Russell* v. *Hosmer*, after a year's neglect the executrix " cannot be permitted to enter without showing good reason for the neglect." None whatever is shown. The ignorance of the law requiring an executrix to be qualified here is surely no reason or excuse.

3. The defendant has waived no rights by moving for bonds. He did not then know the fact that the executrix had

not qualified in this state. Like condonation, waiver implies a *knowledge* of the thing waived. *Groton* v. *Hurlburt*, 22 Conn., 179, 195. And is confined to the closest limits. *Giles* v. *Caines*, 3 Caines Cas., 107 ; *Read* v. *Tuttle*, 35 Conn., 25.

4. All the executors should have joined, or some reason be shown why only one enters to prosecute. 1 Swift Dig., 449 ; 2 Williams on Exrs., 1692.

5. After the motion to erase and a reservation of the case, no action of the executrix, or of the Superior Court, in the matter, can affect the decision of this case. As well might new evidence or new parties be introduced after a verdict and a motion in error had been filed and allowed, had the case been actually tried to the jury. " The finding is equivalent to a verdict returned." *Tweedy* v. *Bennett*, 31 Conn., 276 ; *Clapp* v. *City of Hartford*, 35 Conn., 220. After the gross negligence of the executrix the court will not in justice grant further indulgence. " In all cases the court shall see to it that there be no unnecessary delay." *Russell* v. *Hosmer*, 8 Conn., 235. No matter how it comes before the court, if it appears that there is no proper party plaintiff the cause is dismissed. *LeBret* v. *Papillon*, 4 East, 502.

*White*, contra.

CARPENTER, J. The motion to erase from the docket in this case is in the nature of a plea in abatement. It is not founded upon any want of jurisdiction in the court over the subject matter of the suit, or the parties, but on the incapacity of the plaintiff to sue or prosecute the action. If granted it defeats the present action without reference to the merits of the cause, and subjects the plaintiff to the expense of bringing a new action, and possibly to a loss of the debt. It is therefore a dilatory plea in the strictest sense. According to the practice in this state courts erase from the docket only where it appears upon the record that the court has no jurisdiction. In this case the alleged cause for erasing from the docket does not appear on the record, but is brought to the attention of the court by way of a motion in writing, which

closes with an offer to prove. the facts therein alleged; and those facts, when admitted, or proved, as before stated, fail to show a want of jurisdiction in the court. We must apply to it therefore, so far as applicable, the ordinary rules governing pleas in abatements.

The motion came too late. The plaintiff died in the spring of 1868. The administratrix entered to prosecute in October following. In October, 1869, the objection was made that the entry was too late. In the December term following, bonds were called for and given; the case was assigned for trial, and when reached this motion was filed. No case can be found in which a plea of this nature has been allowed after such a lapse of time, accompanied with the ordinary proceedings in the cause.

The fact that the defendant and his counsel were ignorant of the circumstances is no excuse. Ignorance of a cause of abatement will never justify the filing of a plea after the time limited. When the cause arises subsequent to the first day of the term, the defendant must inform himself, and file his plea within a reasonable time or it will be too late. In this case the defendant by the use of ordinary diligence might have ascertained the facts at an early day. Perhaps he should have done so, and have taken the exception at the time the administratrix entered if he had notice. At all events it should have been done within a reasonable time. In this case more than a reasonable time had elapsed, and the Superior Court must be advised not to erase the case from the docket.

In this opinion the other judges concurred.