THE MONTVILLE STREET RAILWAY COMPANY vs. THE NEW LONDON NORTHERN RAILROAD COMPANY ET AL.

Second Judicial District, Norwich, October Term, 1896. ANDREWS, C. J., TORRANCE, FENN, HAMERSLEY and PRENTICE, Js.

Section 1137 of the General Statutes provides that a party who feels aggrieved by any decision or ruling of a judge of certain specified courts, upon a question of law arising in a matter committed to his jurisdiction as a special statutory tribunal, may appeal from the final judgment of such judge "in the manner hereinbefore provided for an appeal from the judgments of said courts respectively, to the Supreme Court of Errors next to be held in the judicial district or county where the parties or any of them reside." *Held* that the judge, acting as such special statutory tribunal, was the one with whom the notice of appeal and the appeal itself must be filed, and by whom the bond must be taken and the appeal allowed; and that an appeal presented to and allowed only by the clerk of a court, must be dismissed on plea in abatement in this court.

[Argued October 20th—decided December 22d, 1896.]

APPLICATION for a finding that public convenience and necessity required the construction of the plaintiff's street railway, brought to the *Hon. John M. Thayer*, a judge of the Superior Court; facts found and application dismissed, and appeal by the plaintiff for alleged errors in the rulings of the judge. In this court the defendants filed a plea in abatement, which was argued with the appeal. *Plea in abatement sustained and appeal dismissed.*

The case is sufficiently stated in the opinion.

*Solomon Lucas* and *Gardiner Greene, Jr.*, for the appellants (defendants).

*Frank T. Brown* and *Walter C. Noyes*, for the New London Northern Railroad and the Central Vermont Railroad.

*Edward D. Robbins*, for the New England Railroad and the Norwich and Worcester Railroad.

TORRANCE, J. The plaintiff made application to a judge

of the Superior Court, under § 8 of Chap. 169 of the Public Acts of 1893, for a hearing and decision upon the question as to whether public convenience and necessity required the construction of its street railway parallel to certain steam railways. Upon a hearing had the judge dismissed said application, and from his decision the applicant brought the present appeal.

In this court a plea in abatement was filed at the proper time by the appellees which alleged, among other things, that " the said appeal is not allowed by the judge of the Superior Court to whom the application is made, but only by a clerk of the Superior Court." To this allegation the appellant demurred, " because the appeal was properly allowed by the clerk in the form provided by statute."

The statute (General Statutes, § 1137) under which the plaintiff claims the right to take this appeal, provides as follows : " When jurisdiction of any matter or proceeding is or shall be vested in a judge of the Superior Court, or in a judge of any Court of Common Pleas, or of the District Court, any party to such matter or proceeding who feels aggrieved by any of the decisions or rulings of such judge upon any questions of law arising therein, may appeal from the final judgment of said judge in said matter or proceeding in the manner hereinbefore provided for an appeal from the judgments of said courts respectively, to the Supreme Court of Errors next to be held in the judicial district or county where the parties or any of them reside."

The words " in the manner hereinbefore provided for an appeal from the judgment of said courts respectively " in this section, plainly refer to §§ 1129–1133 inclusive, of the General Statutes, which provide for appeals from the judgments of courts. These sections, in substance, require one who desires to appeal from the judgment of any of the courts named in § 1129, (1) to file with the clerk of the court from the judgment of which the appeal is taken, such a written notice of appeal as the statute prescribes, and to file it within the time prescribed; (2) to file within the time prescribed a written appeal substantially in the form prescribed by the

statute; (3) to give, at the time when the appeal is so filed, sufficient security to the adverse party by bond or recognizance conditioned as prescribed by the statute. And § 1131 further provides that "unless said bond be so given said appeal shall be void and of no effect; but the judge of such court may, for due cause shown, extend the time for giving such security, or for filing such appeal, or for filing such notice of appeal, and such appeal when so made effectual shall be allowed by said clerk." Section 1133 provides the form of certificate to be signed by the clerk, stating when the appeal was filed, that such a recognizance as the statute requires was given, and that "said appeal is hereby allowed." In the case at bar a written notice of appeal was filed with the judge within three days after the decision of dismissal was rendered, but the appeal itself was filed with, and allowed by, the clerk of the Superior Court of New London county, precisely and in all respects as if the appeal had been taken from a judgment of that court; and it nowhere appears that the appeal was ever presented to, filed with, or allowed by the judge whose decision is appealed from; nor is the record in any way certified by him.

The question thus presented by the demurrer to the plea in abatement, is whether the appeal in this case, taken in the way above stated, was properly taken and allowed. It is a question of considerable importance in point of practice, and so far as we are aware it is presented here for the first time.

The appellants contend that the words in § 1137—" in the manner hereinbefore provided for an appeal from the judgments of said courts respectively"—are to be construed strictly and literally, as requiring the appeal in a case like this to be taken and allowed in all respects as if it were an appeal from the judgment of a court. Such a construction would require the notice of appeal to be filed with the clerk of a court, the appeal to be filed with him, the recognizance to be given before him, the appeal to be allowed by him and certified by him, and by him alone; for under such a construction the special statutory tribunal from whose decision the appeal is

taken, would have nothing whatever to do about or concerning the appeal in any way, and would not, except in some casual way, know anything about the appeal proceedings or the appeal papers. Under this construction the question arises, with what clerk should the appeal papers be filed? The special statutory tribunal may be a judge of the Superior Court, or of a Court of Common Pleas, or a District Court. May the appeal papers be filed with, and the appeal be allowed by, the clerk of any of these courts, at the option of the party appealing? And even if we assume that, in cases where the tribunal happens to be a judge of the Superior Court, the papers must be filed with and the appeal allowed by a clerk of that court, the further question arises, with which of the eight different clerks of that court must they be filed? The appeal in cases of this kind may be taken to the Supreme Court of Errors to be held in the judicial district or county " where the parties or any of them reside." The parties may all reside in the same judicial district or county, and they may reside in different counties or judicial districts. In either case may the party appealing select arbitrarily out of the eight clerks the one with whom the appeal papers are to be filed, and thus compel the appellees at their peril to ascertain which clerk has been thus selected? Moreover how is the clerk thus selected, except at the pleasure of the judge, to obtain possession of the record of the proceedings of the special tribunal, so as to perfect the record upon the appeal, and how can he certify to the correctness of any copy of those proceedings which he may obtain? He is not the clerk of that tribunal, and he sustains no sort of relation to it or its proceedings, any more than he does to the county commissioners acting upon matters of license or other matters within their jurisdiction.

These questions suggest some of the difficulties that lie in the way of adopting this construction. It would in practice be attended with inconvenience, and would result only in perplexity and uncertainty. It is a forced and unnatural construction, even when the words " in the manner hereinbefore provided," etc. are read as they stand, and without

reference to previous legislation upon this matter.    But when these words are read, as they should be, in connection with the previous legislation relating to appeals of this kind, it becomes quite clear that the construction contended for by the appellants ought not to be adopted.    The first Act of this kind, passed in 1864, appears substantially in the form in which it was passed, in the Revision of 1866, § 213, p. 45, and in the Revision of 1875, § 17, p. 450.    That Act provided, in substance, that any party to a proceeding before a judge of the Superior Court, as such, aggrieved by the decision of such judge upon a question of law, might within ten days after notice of such decision, " make and present to such judge a motion for a new trial," or a motion in error, which motions, said judge, " if he shall be of opinion " that they were not intended for delay, and present questions proper to be revised, should reserve or allow as the case might be, and transmit such record to the Supreme Court of Errors, " in the same manner and according to the same rules and regulations as are, or shall be, by law provided in the case of similar motions made in the Superior Court."    Subsequently the provisions of the Act were extended so as to include judges of the Court of Common Pleas and of the District Court.

When the Act providing for appeals from the judgments of courts was passed, in 1882, (Public Acts of 1882, Chap. 50), provision was made in section ten of that Act for appeals from judges sitting as special tribunals, in the following words :  " Where jurisdiction is vested in a single judge, appeals may be taken from his decisions or rulings in the manner herein provided, instead of motions in error or for new trials as now provided by law."    Up to 1882, then, it is clear that the proceedings for bringing the decisions of these special tribunals before the Supreme Court of Errors, were had before the judge ; that to a certain extent their allowance was within his discretion ; and that he transmitted to this court the record of his proceedings certified by himself. It is also quite clear that the appeal Act of 1882 did not essentially change this method of procedure except in this

respect, that it substituted an appeal for the former motions; for this Act of 1882 did not repeal the other provisions of the Act of 1864 relating to appeals from these special tribunals, and it conferred no powers whatever over appeal proceedings from these tribunals, upon the clerks of the courts.

The results of all this previous legislation upon this matter were finally embodied in § 1137 of the present Revised Statutes; and when that section is read in the light of its history, it seems quite clear that no such radical change of the law as the appellants contend for was intended by the legislature in adopting the Revision of 1888. Under such circumstances a mere change of words made in the work of revision will not be deemed a change in the law, unless it appears quite clearly that such was the intention.    *Westfield Cemetery Asso.* v. *Danielson*, 62 Conn. 319.

We are of opinion that the powers and duties of clerks of courts over appeals are limited to appeals from the judgments or decrees of their courts respectively, and do not extend to appeals from these special statutory tribunals; that appeals from such tribunals must be allowed by the judge from whose decision the appeal is taken; and that the appeal papers must be filed with him, and the record certified and transmitted by him. Such is the law and, so far as we know, the practice has been in accord with it.

The question to what extent the provisions of §§ 1129 to 1133 with reference to the forms of notices of appeal and of appeal, and the time of filing the same and other matters of like nature, apply to and govern appeals from special statutory tribunals, is not involved in the present case and need not be discussed at present.

In the view herein taken of the law, the appeal in the case at bar was not properly taken or allowed, and for that reason must be dismissed.

The demurrer to the plea in abatement is overruled, the plea sustained and the appeal dismissed.

In this opinion the other judges concurred.