JOSEPH B. HALLIDAY ET AL. *vs.* THE COLLINS COMPANY.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 194, § 6, of the Public Acts of 1897, requires an appeal to the Supreme Court of Errors to be taken within ten days after the finding of facts has been filed and notice thereof has been given to the party desiring to appeal. *Held* that a slight, immaterial change in a finding once filed did not constitute such an amendment or refiling as to entitle the expectant appellant to written notice thereof, nor did it fix a new date from which the ten days allowed for taking the appeal was to be computed.

Section 104 (p. 35) of the General Rules of Court, provides that whenever written application to correct a finding is seasonably made, the clerk shall make an entry that the finding is refiled on the date when it is returned to him by the judge, whether it be modified or not. *Held* that whatever might be the effect of this rule, it could not apply to the present appeal, which was taken several months before the rule was adopted.

Under a motion to erase advantage can be taken only of those defects which appear upon the face of the process or pleading.

Argued October 3d—decided November 1st, 1900.

Halliday v. Collins Co.

PLEA in abatement to an appeal taken by the plaintiffs from a judgment rendered by the Superior Court in Hartford County, *Prentice, J.*, in favor of the defendant. *Plea in abatement sustained.*

The appellee also filed a motion to erase.

The facts are sufficiently set forth in the opinion.

*Charles E. Gross*, in support of the plea in abatement.

*J. Gilbert Calhoun*, in opposition to the plea in abatement.

TORRANCE, J. The ground of abatement alleged in the plea is, in substance, that the appeal was not taken within the time prescribed by law.

The allegations of the plea were denied, and the issues thus formed were referred to a state referee. The report of the referee was accepted by this court, and is made a part of the record. From this it appears that final judgment in the case was rendered on the 14th day of January, 1899; that on the 18th day of the same month a notice of appeal was filed by the plaintiffs; that on the 14th day of February, 1899, the judge who tried the case filed a finding of facts therein; that on the same day the clerk notified counsel on each side in writing that such finding had been filed, which notice was received by plaintiffs' counsel next day; and that the appeal was filed on the 20th day of May, 1899.

Where an appeal to this court can be taken from the final judgment of a trial court, the law fixes the time when such appeal must be filed. In cases where no finding of facts or further action of the trial judge is necessary to present properly the questions in the cause, the appeal must be filed within ten days from the rendition of the judgment. In cases like the one at bar, where a finding is necessary for the proper presentation of the questions of law arising in the cause, the appeal need not be filed until ten days after such finding has been filed with the clerk, and the party giving notice of appeal has been notified thereof by the clerk in writing. Public Acts of 1897, Chap. 194, §§ 5, 6, 8. In ef-

fect, then, in cases like the present, the appeal must be filed within ten days after the party giving notice of appeal has been notified by the clerk, in writing, that the finding has been filed. In this case the finding of facts was filed on the 14th day of February, 1899, and the plaintiffs received written notice of that fact next day, in the manner prescribed by law. Under the statute these facts, in the absence of any others fixing some different date, fix the 15th day of February, 1899, as the point from and after which the ten days allowed for filing an appeal are to be computed in the present case.

The plaintiffs claim that certain other facts in the case fix a different date for the purpose of such computation. The only facts relied on by them in support of this claim are these: (1) the fact that the judge took his original finding from the clerk on the 25th day of February, 1899, and handed it back to the clerk two days later with certain changes made by him therein; (2) the fact that the clerk did not notify the plaintiff in writing of this action of the judge.

Upon these facts the plaintiffs claim, (1) that when a filed finding is subsequently amended materially by the judge and refiled, the party giving notice of appeal is entitled under the statute to written notice from the clerk of such refiling; and that until such notice is given the ten days allowed for filing the appeal does not begin to run against him; (2) that the filed finding in this case was thus subsequently amended by the judge and refiled; (3) that the clerk never gave the plaintiffs any written notice of such refiling; and that consequently the appeal was filed within the time prescribed by statute.

For the purposes of the argument merely we concede, without deciding it, the point involved in the first of these claims; and as it clearly appears that the third claim is true, there is thus left for consideration the single question whether the second claim is true. We are of opinion that it is not.

The changes made in the finding, after it was filed on the 14th day of February, were slight and immaterial. Legally speaking, the finding, after the judge handed it back to the

Halliday *v.* Collins Co.

clerk on the 27th day of February, was precisely the same as when it was originally filed. In legal effect the judge took the filed finding from the clerk on the 25th day of February, looked it over in view of the plaintiffs' exceptions and motion, decided to make no material change in it, and then handed it back to the clerk. The finding was neither redated nor refiled.

It may be true that under § 104 of the General Rules of Court, had that section then been in force, it would have been the duty of the clerk to make an entry that the finding was refiled on the date when it was returned to him by the judge; but that rule has no application here, because it did not come into operation until some months after the appeal in this case had been filed.

Upon the point now under consideration it is difficult to distinguish this case from *Comstock's Appeal*, 54 Conn. 116. There an immaterial change had been subsequently made by the judge in the filed finding, but the finding was not refiled; and it was held that the time for filing the appeal was not changed by this action of the judge. That case, upon this point, is decisive of this case in favor of the defendant upon the plea in abatement. Upon the facts found we think it is clear that the filed finding in this case was neither amended nor refiled in such a manner as to entitle the plaintiffs to written notice thereof, and that the time for filing an appeal in this case, in the absence of any extension by the judge of such time, expired at the end of ten days after the 15th day of February, 1899. If the plaintiffs had desired an extension of the time so fixed, they should have followed the method pointed out by the statute. It was the duty of the then counsel for the plaintiffs to ask for such an extension, if he required it, either to perfect his exceptions or his motion, and doubtless such an extension would have been granted; but if not granted he could still have gone forward and perfected his appeal.

It was clearly his duty to procure from the stenographer a copy of the evidence he desired to have certified, in the absence of any order of the court in that behalf.

The defendant, in addition to the plea in abatement, has filed a motion to erase, upon the same ground set up in the plea. As the matters set up in the motion do not appear upon the face of the appeal process, the defendant cannot by a motion of this kind take advantage of the alleged defect.

The plea in abatement is sustained and the case is dismissed.

The motion to erase is denied.

In this opinion the other judges concurred.