THE NEW YORK, NEW HAVEN AND HARTFORD RAIL-ROAD COMPANY ET AL. *vs.* FREDERICK ILLY ET ALS.

Third Judicial District, New Haven, January Term, 1907.

BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

Under General Statutes, § 807, a judge of the Superior Court in whom jurisdiction of any proceeding is vested, has the same powers with reference to extending the time for filing an appeal as those possessed by a judge of the same court in case of an appeal from a judgment of that court entered by his direction.

Although the power to extend the time for filing an appeal is in terms conferred only in cases in which no finding is necessary (General Statutes, § 791), the equity of the statute requires that the trial judge should have the same authority in cases in which a finding is filed.

A plea in abatement in this court upon the ground that the appeal was not taken in due season, must allege not only that it was not taken within ten days after notice to the appellant of the filing of the finding, but also that the time for filing the appeal had not been extended by the trial judge; otherwise the plea is demurrable.

Pleas in abatement are not to be aided by intendment or inference.

Upon an application by a railroad company to a judge of the Superior Court under General Statutes, § 3687, for the appointment of appraisers to estimate damages for land desired to be taken by it for railroad purposes, his duty is simply to ascertain whether the applicant has a right to take the land and has been unable to obtain it by agreement. He cannot properly inquire into the titles of those cited in, or into the merits of their claims of ownership; nor is it for him to assess their compensation or limit the powers of the appraisers in awarding what they believe to be a just amount. Should any such limitation creep into the order appointing the appraisers, it would furnish ground for an appeal by any party who could show himself aggrieved.

The approval of the proposed taking by the railroad commissioners is in the nature of an adjudication that it is necessary to take the lands in question for public use.

In order to obtain a perfect title by condemnation under this statute, all persons interested must be notified both of the hearing before the judge and of the meeting of the appraisers.

The application need not allege that all the persons cited before the judge have in fact an interest in the land; it is enough to state that each claims an interest therein.

General Statutes, § 4120, concerning the assessment of damages by a judge in condemnation proceedings, has no reference to an application by a railroad company for the appointment of appraisers under § 3687?

Argued January 17th—decided March 6th, 1907.

APPLICATION for the appointment of appraisers of damages for the taking of lands for railroad purposes, brought before *Hon. Milton A. Shumway*, a judge of the Superior Court, against a large number of persons alleged to claim an interest in the lands.  Judgment for plaintiffs, and appeal by two of the defendants.  *No error.*

The appellees pleaded in abatement in this court because, although the finding of the judge of the Superior Court was filed on September 27th, 1906, and the appellants notified thereof on September 28th, the appeal, which was dated October 11th, was not filed until October 18th. To this plea the appellants demurred, because it was not alleged that the time for filing the appeal had not been extended by *Judge Shumway*, nor was it stated with whom the appeal should have been filed.

*Demurrer sustained and plea in abatement overruled.*

*John O'Neill* and *Thomas Bowen*, for the appellants Judd & Company *et al.* (defendants).

*Harry G. Day* and *Benjamin I. Spock*, for the appellees (plaintiffs).

BALDWIN, C. J.  The record shows that the order appealed from was made on June 7th, 1906.  A notice of appeal was filed with *Judge Shumway* on June 13th, who

on September 27th filed his finding with the clerk of the Superior Court for New Haven county, and on October 18th allowed the appeal.

By General Statutes, § 807, "when the jurisdiction of any matter or proceeding is or shall be vested in a judge of the Superior Court," any party to such a proceeding who feels aggrieved by any decision or ruling "upon any questions of law arising therein" may appeal from the final judgment "in the manner hereinbefore provided for an appeal" from judgments of the Superior Court, "to the Supreme Court of Errors next to be held in the judicial district where the parties or any of them reside." General Statutes, § 792, provides that appeals in cases where a finding is necessary need not be filed until ten days after a finding has been filed. General Statutes, § 791, requires such appeals, where no finding is necessary, to be filed within ten days from the date of the judgment, but provides that the trial judge may for due cause extend this time.

Under General Statutes, §807, the judge before whom the proceeding is brought has the same powers with reference to extending the time for filing an appeal as those possessed by a judge of the same court in case of an appeal from a judgment of that court entered by his direction. *Montville Street Ry. Co.* v. *New London Northern R. Co.*, 68 Conn. 418, 423, 36 Atl. 811 ; Rules of Court, p. 101, § 30. While General Statutes, § 791, in terms confers power to extend the time for filing an appeal only in those cases where no finding is required, the equity of the statute requires that the same authority should belong to the same judge in cases where a finding is filed. See *Halliday* v. *Collins Co.*, 73 Conn. 314, 317, 47 Atl. 321. It was therefore within the power of *Judge Shumway* to extend, in favor of the appellants, the time for filing their appeal for more than ten days after the filing of his finding. The plea in abatement does not allege that he did not do so. If the fact that he himself allowed the appeal and took the recognizance for costs which is recited in it,

does not found a presumption that he had previously extended the time, it is at least certain that no presumption that he had not can be drawn from the pleadings now before us. Pleas in abatement are not to be aided by intendment or inference. *Miller* v. *Cross*, 73 Conn. 538, 542, 48 Atl. 213.

For this reason the demurrer to the plea of the appellees was sustained.

The merits of the appeal depend upon the legal effect of the order appealed from in respect to certain of the findings and directions which it contains.

The application to *Judge Shumway* was made by the New York, New Haven and Hartford Railroad Company and the Naugatuck Railroad Company, and is based upon the following votes of the latter passed in 1905 :—

" Resolved, that for the purpose of altering the location of its railroad, changing the radius of its curves, the widening of its layout, and extent of its depot grounds, cuttings, slopes, and embankments, of straightening and improving its lines, and extending its lines of sight, of procuring stone and gravel, of adding to the number of its main tracks, and for additional tracks, turnouts, freight and passenger stations, and providing for the alteration of existing highways, this company, subject to the permission and approval of the railroad commissioners, as provided by law, hereby take the following parcels of land in the town of Naugatuck, Connecticut, to wit: all the land located upon either side of the present location of the Naugatuck railroad, as shown in yellow on a certain blueprint " (here follows a description indentifying the blue-print).

" Resolved, that for the purpose of altering the location of its railroad, changing the radius of its curves, the widening of its layout, and extent of its depot grounds, cuttings, slopes and embankments, of straightening and improving its lines, and extending its lines of sight, of procuring stone and gravel, of adding to the number of its main tracks, and for additional tracks, turnouts, freight and passenger stations,

Vol. lxxix—34

and providing for the alteration of existing highways, this company, subject to the permission and approval of the railroad commissioners, as provided by law, hereby take the following parcels of land in the town of Naugatuck, Connecticut, to wit: all the land located upon either side of the present location of the Naugatuck railroad, as shown in yellow on a certain blueprint" (here follows a description identifying the blue-print).

This action was afterward ratified and confirmed by the directors of the New York, New Haven and Hartford Railroad Company, and was evidently intended to follow the authority conferred on all steam railroad companies by General Statutes, §§ 3680, 3682, 3684.

The taking of the lands according to these resolutions was approved by the railroad commissioners upon August 26th, 1905, on the petition of both the appellees.

General Statutes, § 3687, provides that when any such company "shall have the right to take real estate for railroad purposes, and cannot obtain it by agreement with the parties interested therein, it may apply to any judge of the superior court for the appointment of appraisers to estimate all damages that may arise to any person from the taking and occupation of such real estate for railroad purposes, and after reasonable notice of said application shall have been given to all parties in interest, such judge shall appoint three appraisers, who shall be sworn, and give reasonable notice to said parties in regard to the time and place of making such estimate, and shall view the premises and estimate such damages, but shall not include in such estimate the expense of erecting and maintaining fences along the line of such railroad." The present application is brought under these provisions. It alleges that as to a certain part of the lands in question, known as the first parcel, the only parties interested when the resolutions above recited were adopted and on August 26th, 1905, were "Frederick Illy and Mary Illy, husband and wife, both of said Naugatuck, John H. Whittemore, of said Naugatuck, having a mortgage interest in said par-

cel, Frank H. Judd and Isaac L. Trowbridge, both of Naugatuck, partners in business under the firm name of Frank H. Judd and Company, claiming a leasehold interest in the building on said parcel, and Centennial Lodge, No. 100, I. O. O. F., a voluntary association, of said Naugatuck, claiming to have a leasehold interest in the building on said parcel." The only claim for relief which is stated is " for the appointment of appraisers, as provided by statute, to estimate the damages, if any, that may arise to any person from the taking and occupation of the aforesaid real estate for railroad purposes, and for the purposes set forth in said resolutions and in said petition."

Answers were filed by the Centennial Lodge, No. 100, I. O. O. F., and Frank H. Judd and Company (the present appellants) admitting respectively their claim of a leasehold interest. A hearing followed, resulting in the order appealed from. Of this the following are, for the purposes of this proceeding, the material parts : —

" It is further found that the interest of the respondent, said Centennial Lodge, No. 100, I. O. O. F., in and to said first described parcel of land is by virtue of a lease by and between it and said Frederick Illy alone, dated December 3, 1900, for the term of five years from April 1, 1901, with the privilege of a renewal for the further term of five years from the expiration of said lease under the terms and conditions thereof, which said lease expired and became void on April 1, 1906, and has not been renewed, and is not now renewable. . . . It is further found that the interest of the respondents, said Frank H. Judd and Company, in and to said first described parcel of land is by virtue of a lease by and between said Frank H. Judd and Company and said Frederick Illy alone, dated September 15, 1896, for the term of ten years from October 15, 1896, with the privilege of a renewal for the further term of five years from its termination under the terms and conditions thereof, which said lease expires and becomes void on October 15, 1906, and is not renewable. . . . Wherefore in accordance with the provisions of the

statutes in such cases made and provided I appoint Walter H. Clark, of Hartford, James T. Moran, of New Haven, and Verrenice Munger, of Ansonia, appraisers to estimate the damage, if any, which may arise to Frederick Illy and Mary Illy, John H. Whittemore, Frank H. Judd and Company to October 15, 1906, the date of expiration of said lease, and only so far as it affects the interest of said Frederick Illy alone, Philip Rubin, and the Naugatuck Savings Bank, from the taking and occupation of the first and second parcels of land described in said application for the purposes therein set forth."

A special finding, made part of the record, sets forth certain rulings made at the hearing and some subordinate facts on which the conclusions thus expressed in the order were reached, and by reason of which the appraisers were not directed to estimate the damages, if any, which might arise to the Centennial Lodge, No. 100, I. O. O. F.

In order to obtain a perfect title to land by condemnation proceedings under these statutes, all persons interested in the land must be notified of the hearing before the judge of the Superior Court as to the appointment of appraisers, and further notified of the meeting of the appraisers to estimate the damages due from the railroad company by reason of the taking. It is not necessary that the railroad company, in its application to the judge, should allege that all the persons whom it cites before him have an interest in the land. It is enough, as to each, to allege that he claims an interest in it. If he appear and disclaim, he may be dropped from the proceeding; but if, as in this case, one alleged to claim an interest admits the allegation, it is at the risk of the railroad company if he be not subsequently notified of the meeting of the appraisers and given an opportunity to make his claim before them. On such an application, met by such an answer, the judge cannot properly inquire into what is not in issue, namely, whether the claim of interest is well founded.

In the case at bar it does not appear, and is not to be presumed, that the appellants consented to the inquiry

made by *Judge Shumway* as to the merits of their claims. His duty was simply to ascertain whether the companies had the right to take the lands in question, and had been unable to obtain it by agreement with all who had been summoned before him as interested parties. He was not sitting as a court to try title. For the purposes of this statutory proceeding, an admitted claim of interest, on the part of any of the defendants with whom the companies had not come to an agreement as to their damages, was of the same force as an admitted title, with respect to the consequent right of the railroad companies to the appointment of appraisers.

We find, however, no reason of appeal which assigns as error that the inquiry was pushed beyond the issues.

In the first seven reasons complaint is made of the finding that it did not appear that Frederick Illy actually received notice from the Lodge, before the application was brought, of its intention to avail itself of a privilege of renewal conferred by its lease from him; of the exclusion of evidence to show that he acted in respect to the lease both for himself and as the agent of his wife, who was a cotenant with him; and of the refusal of the judge to insert in his order any rulings as to the period of time to be taken into account in assessing damages in favor of Frank H. Judd and Company, or the nature and measure of such damages.

To none of the acts or omissions thus stated on the part of the judge can any exception be supported. They pertained to matters to be first inquired into before the appraisers.

Proceedings of this nature are necessarily of a summary kind. The location of no railroad can be altered by taking lands without the consent of their owners, unless such alteration is approved by the appointed representatives of the State, the railroad commissioners. Their approval is in the nature of an adjudication that it is necessary to take the lands in question for public use. *New York, N. H. & H. R. Co.* v. *Long*, 69 Conn. 424, 436, 437, 37 Atl. 1070.

Unless the parties thereafter can agree on what the compensation for taking them should be, any judge of the Superior Court may proceed to the appointment of appraisers. But under the statutes upon which this proceeding rests it is not for him either to assess the compensation due to any party who may be summoned before him as claiming title, or to limit the powers of the appraisers to estimate it at whatever sum they may, after due hearing, and viewing the premises, deem just.

Should any such limitation creep into an order of appointment, it would support an appeal by any party who could show himself aggrieved. *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 245, 52 Atl. 947, 53 id. 57. No appeal on such a ground has been taken in this case.

By General Statutes, § 4120, any judge before whom proceedings are pending for the taking of any real estate for public purposes, or for the ascertainment of the compensation for such taking, on finding that it is subject to an estate for years, may, if in his opinion the rights of all parties would be better protected than by assessing each interest separately, assess the compensation or damage for the entire title to the real estate, and order that the income during the term of the particular estate shall belong to the tenant for years. These provisions respecting the power of a judge obviously refer only to proceedings in which he is invested with authority to determine, either by himself or through a committee reporting to him or to the court, the amount of the compensation to be paid. In the proceeding at bar, *Judge Shumway* had no such power.

The eighth reason of appeal, and the only one remaining for discussion, is founded on exceptions to a refusal to correct the finding; but as no evidence has been certified to this court in its support, no question is presented by it which we can consider.

There is no error.

In this opinion the other judges concurred.