## JAMES SISK *vs.* BRIDGET MEAGHER.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The two weeks within which a party desiring to appeal to this court is required to file his request for a finding (General Statutes, § 793), begins to run from the date upon which the judgment was formally announced and not from the time the judgment-file happens to be written out and recorded.

In the present case the appellant contended that the decision evidenced by the judgment-file differed materially from that expressed in the memorandum of the trial court, which was filed six months earlier. *Held* that if this were true, the remedy would be an application to correct the judgment-file so as to correctly express the decision rendered, but that it would not create a new and later judgment from which an appeal could be taken.

A plea in abatement is the proper method to take advantage of the failure of a party to seasonably appeal.

Argued June 9th—decided July 20th, 1909.

PLEA IN ABATEMENT and motion to erase an appeal to this court taken by the defendant. *Motion denied, but plea sustained.*

*James P. Pigott,* for the appellee (plaintiff), in support of the motion and plea.

*William B. Stoddard,* for the appellant (defendant), *contra.*

RORABACK, J. The plaintiff filed in this court a plea in abatement and a motion to erase an appeal, both for the reasons that the defendant had not followed the requirements of the General Statutes relating to appeals.

The following material facts are conceded: This case was tried to the court, and was decided in favor of the plaintiff on July 18th, 1908, when the judge filed his written

memorandum of decision. Notice of an appeal was filed by the defendant July 20th, 1908. January 13th, 1909, the judgment-file, dated as of July 18th, 1908, was prepared by the judge and filed with the clerk. Afterward upon the same day (January 13th, 1909) the defendant gave another notice of an appeal. On January 19th, 1909, the defendant filed her request for a finding, accompanied by a draft-finding, and attempted to complete her appeal upon a judgment rendered January 13th, 1909.

When the court filed its memorandum of decision July 18th, 1908, that was the judgment of the court, and fixed the date for an appeal; *Sturdevant* v. *Stanton,* 47 Conn. 579, 581; *Goldreyer* v. *Cronan,* 76 Conn. 113, 115, 55 Atl. 594; *Bulkeley's Appeal,* 76 Conn. 454, 457, 57 Atl. 112; the preparation of the judgment-file being merely a matter of subsequent clerical action. *Bulkeley's Appeal, supra.*

By the provisions of General Statutes, § 793, relating to appeals, the two weeks in which the written request for a finding must be filed expired September 14th, 1908. At no time was there a request for an extension of time, nor was any granted in reference to the taking of an appeal.

It is apparent that the defendant has not complied with the requirements essential to the validity of an appeal. This the defendant concedes, except as she contends that the judgment-file entered upon January 13th, 1909, is materially different from the memorandum of decision dated July 18th, 1908, so that there was in effect a judgment rendered at that time which became the judgment in the case. If such a difference exists, the defendant's remedy is to be found in proceedings for the correction of the judgment-file to make it correctly express the judgment. *Bulkeley's Appeal,* 76 Conn. 454, 456, 57 Atl. 112. The present judgment-file is a record conclusive of the facts therein stated. *Bulkeley's Appeal, supra; Corbett* v. *Matz,* 72 Conn. 610, 45 Atl. 494; *Cox* v. *McClure,* 73 Conn. 486, 47 Atl. 757.

The objection to the validity of the appeal by the motion

to erase is not sustained, but was properly taken by a plea in abatement. The motion to erase did not relate to the jurisdiction of this court over the parties or the subject-matter, but to the manner in which the appeal was taken. *O'Brien's Petition,* 79 Conn. 46, 58, 63 Atl. 777; *James* v. *Morgan,* 36 Conn. 348.

The plea in abatement is sustained and the motion to erase denied.

In this opinion the other judges concurred.

NOTE. Costs in this case having been taxed by the clerk in favor of the appellee, the appellant appealed therefrom to the October term held at Bridgeport, upon the theory that there was no cause before the court to which costs could be applied. The court held that this claim was untenable, and affirmed the taxation as made by the clerk. See *post,* p. 483.