JOHN P. FORBES *vs.* THE TOWN OF ORANGE.

* Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 805, provides that a party whose motion to set aside a verdict is denied, may appeal to this court "within six days" after entry of the judgment on the verdict. *Held* that the trial judge had power, under the provisions of § 791, to extend the time for filing an appeal, and that an appeal filed within the time thus extended was seasonably taken.
The case of *Stillman* v. *Thompson*, 80 Conn. 192, distinguished.

Submitted on briefs June 8th—decided July 31st, 1911.

PLEA IN ABATEMENT in this court alleging that an appeal taken by the defendant from the refusal of the Superior Court in New Haven County, *Greene, J.*, to

* The record and the only printed brief on the plea in abatement has been bound up and published with the records and briefs of the January Term, 1912, in the third judicial district. *Reporter.*

set aside a verdict for the plaintiff, was not seasonably taken, to the reply to which the plaintiff demurred. *Demurrer to reply overruled; plea in abatement dismissed.*

*William A. Wright, Heaton H. Wright* and *James D. Hart,* for the appellant (defendant).

*Philip Pond,* for the appellee (plaintiff).

HALL, C. J. The plaintiff filed in this court the following plea in abatement to the defendant's appeal: "The plaintiff in the above entitled action pleads in abatement to the appeal filed therein April 29, 1911, from the action of the Superior Court in denying the defendant's motion to set aside the verdict because said motion to set aside the verdict was denied April 13, 1911, and no appeal was taken from said action of the court denying said motion within six days from the denial of said motion as by statute provided, and said appeal was not taken until April 29, 1911, being sixteen days after the denial by said Superior Court of said motion to set aside the verdict. And therefore he prays judgment."

To this plea the defendant made the following reply: "The defendant in reply to the plea in abatement filed by the plaintiff says that upon due application and hearing before the trial judge in said cause, the time for filing an appeal to this court was extended to and including the first day of May, 1911; and that said appeal was taken on the 29th day of April and within the time allowed by said trial judge. And therefore it prays judgment."

The plaintiff filed the following demurrer to the reply: "The plaintiff demurs to the defendant's reply filed this day to plaintiff's plea in abatement because (1) An appeal from the denial of a motion to set aside

a verdict must by statute be taken within six days from the time of such denial. (2) The trial court has no authority to extend the time for filing an appeal from the denial of a motion to set aside a verdict. (3) It appears from the reply that the appeal was not filed within the six days limited by statute."

Section 791 of the General Statutes provides that if no finding of facts or further action of the trial judge is necessary, the party appealing to this court shall file his appeal with the clerk of the trial court within ten days from the rendition of judgment, but that the judge of such court may, for due cause shown, extend the time for filing such appeal.

Section 792 provides that if it becomes necessary that there should be a finding of facts, the appeal need not be filed until ten days after such finding has been filed, and notice thereof duly given. This section contains no express provision authorizing the trial judge to extend the time for filing the appeal.

Section 805, under which the present appeal is taken, provides that the party making the motion to set aside a verdict, which motion is denied, may appeal to this court within six days after the entry of judgment on the verdict. This section, like § 792, contains no express provision authorizing the trial judge to extend the time for filing the appeal.

We have recently held that the provision of § 791 empowering the trial judge to extend the time of filing an appeal, taken under the conditions described in that section, authorized the trial judge to extend the time for filing an appeal taken under the conditions stated in § 792, although such authority is not in terms given in that particular section. We said in effect that the provision of § 791, authorizing the trial judge to extend the time for filing an appeal, extended to § 792; that the equity of the statute required that the

same power of extending the time for filing the appeal should belong to the trial judge when the appeal was taken under the conditions described in § 792 as when taken under the conditions named in § 791. *New York, N. H. & H. R. Co.* v. *Illy*, 79 Conn. 526, 528, 65 Atl. 965. See also *Halliday* v. *Collins Co.*, 73 Conn. 314, 317, 47 Atl. 321, in which it was assumed that the trial judge might extend the time for filing an appeal taken under the conditions stated in § 792.

The reasoning of the court in *New York, N. H. & H. R. Co.* v. *Illy*, applies with equal force to the facts in this case. If the trial judge may, without any other statutory authority than that given by § 791, extend the time for filing an appeal taken to this court under the conditions named in § 792, it is difficult to see why he should not have the same power when an appeal is taken to this court under the conditions stated in § 805.

Sections 791, 792, 805, 806, and 807 are parts of chapter 54 of the General Statutes, which provides generally for appeals to this court from the decision of a trial judge. It is true that different times are fixed for filing such appeals in different circumstances, but to hold that there was a difference in the power of the trial judge to extend the time of filing an appeal under § 792 and under § 805, we think would lead to confusion.

We are aware that in *Stillman* v. *Thompson*, 80 Conn. 192, 194, 67 Atl. 628, we said that the provisions of § 805 limited the time to six days within which an appeal could be taken from the denial of a motion to set aside a verdict, and that it could not be "modified or extended without statutory authority." But in that case there was no claimed extension by the trial judge of the time for filing the appeal, nor was there any other step taken within the limited six days, toward taking an appeal,

than the filing of a notice of appeal, which we held was not an appeal. Whether the trial judge had statutory authority to extend the time for filing the appeal was, therefore, not a question raised or decided in that case.

We think the trial judge possessed the authority to extend the time for filing the appeal in the present case. The demurrer to the reply is therefore overruled, and the plea in abatement dismissed.

In this opinion the other judges concurred.