Murphy v. Elms Hotel.

---

### ELEANOR MURPHY vs. ELMS HOTEL ET AL.

Third Judicial District, New Haven, January Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

The provision of § 14 of Chapter 142 of the Public Acts of 1919 that an appeal to the Superior Court shall be taken within ten days after the entry of the finding and award by the compensation commissioner, means within ten days after notice to the appellant of the entry of the finding and award.

An appeal which is not taken within the ten-day period is not void, but merely voidable.

A motion to dismiss an appeal or to erase it from the docket is not
    an appropriate remedy where it contains affirmative allegations
    requiring proof essential to the determination of the questions
    involved or where it relates to the manner in which the appeal
    was taken as, for example, that it was not pursued within the
    time limited by statute; in such cases the defect should be
    attacked by a plea in abatement.

Argued January 20th—decided April 8th, 1926.

APPEAL by the plaintiff from the finding and award
of the compensation commissioner of the fourth dis-
trict in favor of the defendants, taken to the Superior
Court in Fairfield County where the defendants filed a
motion to dismiss the appeal, which the court, *Banks,
J.,* granted, and plaintiff appealed. *Error and cause
remanded.*

*Clifford B. Wilson,* for the appellant (plaintiff).

*William B. Ely,* for the appellees (defendants).

WHEELER, C. J. The motion to dismiss was based
upon the taking of the appeal on June 30th, when the
finding and award was made on June 16th. General
Statutes, § 5366, as amended by Public Acts of 1919,
Chapter 142, § 14, provides for the procedure upon an
appeal from a finding and award by the commissioner,
and limits the time within which either party may take
his appeal to ten days after entry of such finding. Un-
doubtedly the General Assembly intended this provi-
sion to mean ten days after notice to the party of the
entry of such finding; otherwise, in the event of the
failure of the commissioner to notify the party of his
finding and award within the ten-day period, the tak-
ing of the appeal would be fruitless.

In *Orcutt's Appeal,* 61 Conn. 378, 383, 24 Atl. 276,
the question for decision was whether an appeal from
probate, taken and allowed after the time limited

by statute for doing so had passed, was void or merely voidable. We there observed (p. 384): "But it may be said that, in limiting the time in which an appeal from probate may be allowed, the statute was intended primarily to limit the power of the court to grant or allow an appeal. If this were true, of course no appeal could be taken by a party against whom the time had run. In such a case the cause as to that party would be one which was not appealable. We do not think, however, that this is the true construction of the statute. The statute prescribes that an appeal shall be taken within a certain time, but no words are used which necessarily prohibit the Court of Probate from granting an appeal after the limit has expired." *Leavenworth* v. *Marshall,* 19 Conn. 1; *Brewster* v. *Shelton,* 24 Conn. 140; *Hiscox's Appeal,* 29 Conn. 561.

A similar construction must be given to the appeal allowed in this case. The failure to take the appeal within the ten-day period did not make the appeal void, but merely voidable. Objection to an appeal taken after the time for taking an appeal has expired, under our practice, must be taken by plea in abatement and not by motion to dismiss or erase. As early as *Denslow* v. *Moore,* 2 Day, 12, 21, in disposing of an objection of this character, we used this language: "Whether the appeal was taken within the time limited by the statute, was a question of fact; and if relied on, should have been pleaded in abatement." From that time to the present, the plea in abatement has been the approved method of attacking an irregularity of this kind.

We held that the plea in abatement was the appropriate remedy for the failure to bring a writ of error within the time limited by statute, *Paiwich* v. *Krieswalis,* 97 Conn. 123, 126, 128, 115 Atl. 720; for the failure seasonably to file an appeal under General Stat-

utes, § 5823, *New York, N. H. & H. R. Co.* v. *Illy,* 79 Conn. 526, 65 Atl. 965; *Sisk* v. *Meagher,* 82 Conn. 376, 73 Atl. 785; and for the irregularity in taking the appeal to the wrong term of court. *State* v. *Caplan,* 85 Conn. 618, 84 Atl. 280; *Farnham* v. *Lewis,* 83 Conn. 134, 75 Atl. 625; *Cramer* v. *Reeb,* 89 Conn. 667, 96 Atl. 154; *Forbes* v. *Orange,* 84 Conn. 577, 80 Atl. 710.

The motion to dismiss an appeal is an appropriate remedy where the court is without jurisdiction; *Sisk* v. *Meagher,* 82 Conn. 376, 378, 73 Atl. 785; or the appellant has not prosecuted his appeal with due diligence. *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 75 Atl. 79. Wherever the motion to dismiss or erase an appeal contains affirmative allegations requiring proof essential to the determination of the question involved, or relates to the manner in which the appeal was taken, a plea in abatement, and not a motion to dismiss or erase, is the appropriate remedy. *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940; *Bethel & Redding Lime Co.* v. *New York, N. H. & H. R. Co.,* 82 Conn. 135, 142, 72 Atl. 728; *Sisk* v. *Meagher,* 82 Conn. 376, 378, 73 Atl. 785; *O'Brien's Petition,* 79 Conn. 46, 58, 63 Atl. 777; *James* v. *Morgan,* 36 Conn. 348. The motion to dismiss the appeal because not seasonably taken should have been denied.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.