THOMAS F. HESSION ET AL. *vs.* FRANK J. SOMERS ET AL.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 2d—decided June 22d, 1931.

*Robert J. Woodruff,* for the appellants (defendants).

*Arthur Klein,* for the appellees (plaintiffs).

PER CURIAM. On February 26th, 1931, the trial court overruled a remonstrance to the report of a state referee to whom this case had been referred, accepted the report and entered judgment for the plaintiffs. On March 12th, 1931, the defendants filed an appeal in accordance with the new Rules for Appellate Procedure but without any assignment of errors. An assignment was filed on April 17th, 1931. The plaintiffs plead in abatement upon the ground of the delay in filing the assignment. The defendants in their answer alleged that, believing a finding was necessary to present to this court the questions of law they desired to raise, on March 5th, 1931, they requested an extension of time in which to make it, with a stipulation signed by plaintiffs' counsel agreeing to an ex-

tension, that on that day they, the defendants, were advised by the trial court that no finding was necessary, and that they thereupon concluded that the record was complete and took no further steps until the filing of the assignment. To this answer the plaintiffs have demurred.

The form of the appeal shows that the defendants were aware that it must be prosecuted under the new rules. Whatever their original misapprehension as to the necessity of a finding, they were fully apprised on March 5th, 1931, that none was necessary. They then delayed for some six weeks in filing the assignment of errors. The requirement of § 4 of the Rules that, where no finding is necessary, the assignment of errors must accompany the appeal is plain. Had the defendants filed one promptly on learning that no finding was necessary, a different situation would be presented, but their delay thereafter cannot be justified.

The demurrer is sustained; let judgment for the plaintiffs be entered upon the plea.