NICOLA MORICI *v*. JOHN H. JARVIE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND INGLIS, JS.

Argued December 8, 1949—decided January 31, 1950.

*Alfonse C. Fasano,* for the plaintiff.

*T. Holmes Bracken,* for the defendants Jarvie.

MALTBIE, C. J. The judgment in this case was rendered upon the report of a state referee. The defendants Jarvie duly filed an appeal accompanied by a request for a finding and a draft finding. On motion of the plaintiff the request for a finding was stricken out on the ground that no finding was necessary or

proper in this case. See *Walz* v. *Bennett,* 95 Conn. 537, 540, 111 A. 834; *Bassett* v. *Merchants Trust Co.,* 118 Conn. 586, 599, 173 A. 777; *Dion* v. *Dion,* 128 Conn. 416, 417, 23 A. 2d 314. On the same day the motion was granted, the defendants sought permission to file assignments of error and two days later the permission was granted and assignments were filed. The plea in abatement is based on the contention that § 341 of the Practice Book requires assignments of error to be filed with the appeal where no finding is necessary, and the motion to erase the assignments is placed upon the same ground.

Section 341 requires, in the first place, as stated, that assignments of error be filed with the appeal where no finding is necessary and contains no provision for an extension of time within which to file them in such a case; in the second place, the section provides that if a finding is necessary the assignments are to be filed within ten days from the filing of the finding and expressly authorizes the grant of an extension of time within which to file them. Where counsel mistakenly but in good faith proceed on the assumption that a finding is necessary, file a request for a finding and draft finding and, under the second provision in § 341, do not file assignments of error with the appeal, it certainly would not ordinarily be just to preclude them from filing assignments when they discover that a finding is not necessary, and thus prevent them from prosecuting an appeal.

In *Hession* v. *Somers,* 113 Conn. 780, 158 A. 794, in a quite similar situation, the defendant, waiting some six weeks after learning that a finding was not necessary, then filed assignments of error. We sustained a plea in abatement, but stated: "Had the defendants filed [an assignment of errors] promptly on learning that no finding was necessary, a different situation

would be presented, but their delay thereafter cannot be justified." In the present case the defendants acted promptly, obtained an extension of time in which to file their assignments, and filed them as soon as that permission was granted. Section 423 of the Practice Book provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally by this court in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Even where no provision is made for an extension of time in a particular situation, we have not hesitated to imply that one may be granted. *New York, N. H. & H. R. Co.* v. *Illy*, 79 Conn. 526, 528, 65 A. 965; *Forbes* v. *Orange*, 84 Conn. 577, 579, 80 A. 710. Under the circumstances of this case, the trial court acted properly in permitting the defendants to file their assignments of error when they found that they were mistaken in assuming that a finding was necessary.

The plea in abatement is overruled and the motion to erase the assignments of error is denied.

In this opinion the other judges concurred.