GIORDANO CONSTRUCTION COMPANY, INC. v. FREDERICK D. ROSS, JR.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued December 2—decision released December 23, 1980

*William F. Gallagher*, in support of the motion. *Richard B. Cramer*, in opposition.

PER CURIAM. This is an appeal by the plaintiff from an order modifying a prejudgment remedy. On June 13, 1980, the trial court issued a prejudgment remedy against real estate of the defendant in the amount of $55,000 for money loaned and services rendered by the plaintiff. On June 27, 1980, the defendant filed a motion to reduce the prejudgment remedy, which was heard by the court on July 21,

1980. On October 3, 1980, the court reduced the prejudgment remedy to $20,000. Although the order is dated October 3, 1980, notice of the order was not mailed to the parties until October 7, 1980. On October 14, 1980, the trial court granted the plaintiff an extension of time in which to file his appeal until October 20, 1980, on which date the appeal was filed. On October 24, 1980, the defendant moved to dismiss the appeal claiming it was not timely filed.

General Statutes § 52-278*l*[1] provides for appeals from orders dissolving or modifying prejudgment remedies. Subsection (b) provides: "No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken." Because the statute contains no language authorizing an extension of time, the defendant argues that the trial court lacked the authority to grant the plaintiff's request. We disagree.

[1] General Statutes § 52-278*l* provides as follows: "APPEAL. (a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g shall be deemed a final judgment for purposes of appeal. (b) No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken. (c) No such order shall be stayed by the taking of an appeal except upon the order of the judge who made such order, and any such stay shall be granted only if the party taking the appeal posts a bond, with surety, in a sum determined by such judge to be sufficient to indemnify the adverse party for any damages which may accrue as a result of such stay. (d) If a motion to discharge such prejudgment remedy is brought by the defendant, the property affected by such remedy may be restored to the use of the defendant, if the defendant posts a bond with surety in an amount determined by such judge to be sufficient to indemnify the plaintiff for any damages which may accrue by the defendant's continued use of such property, until such time as such motion is decided."

The fact that the appeal statute specifies a time period in which to take an appeal does not mean that an appeal taken beyond the specified time is void. The untimely filing of an appeal is merely an irregularity and not a jurisdictional defect. *LaReau* v. *Reincke,* 158 Conn. 486, 493, 264 A.2d 576 (1969); *Sackett* v. *Carroll,* 80 Conn. 374, 376, 68 A. 442 (1908). Moreover, an implied power exists in the trial court to grant an extension of time within which to take an appeal even though no express power is contained in the appeal statute; *Morici* v. *Jarvie,* 136 Conn. 370, 372, 71 A.2d 556 (1950); *Forbes* v. *Orange,* 84 Conn. 577, 579, 80 A. 710 (1911); *New York, N. H. & H. R. Co.* v. *Illy,* 79 Conn. 526, 528, 65 A. 965 (1907); Maltbie, Conn. App. Proc. § 297; so long as the motion for an extension of time is filed within the time specified in the statute or rule for the taking of the appeal. *More* v. *Urbano,* 150 Conn. 687, 688, 185 A.2d 475 (1962); see *Palmer* v. *Des Reis,* 136 Conn. 627, 629-30, 73 A.2d 327 (1950). The appeal in this case, having been filed within the time period allowed by the extension, was timely filed.

The defendant's motion to dismiss the appeal from the Superior Court in the New Haven judicial district is denied.