MORGAN G. BULKELEY ET AL. APPEAL FROM THE BOARD
OF RELIEF OF THE CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon appeal to this court the recitals of the judgment-file import ab-
solute verity. If untrue in point of fact, the misstatements can be
corrected only by the trial court.

The failure to request a finding of facts within the time limited there-
for, does not preclude the trial judge from making a finding of his
own motion, nor invalidate an appeal which is seasonably taken
after such finding is filed.

Under our law relating to appeals to this court (General Statutes, §§ 790,
791, 793) it is incumbent upon the party desiring to appeal to take
certain steps within limited times after the "rendition of the
judgment." *Held* that the judgment was in fact rendered when-
ever the trial judge formally announced his decision in open court,
or communicated it, orally or in writing, to the clerk in his official
capacity and for his official guidance; and that the judgment-file,
although necessarily written out and recorded thereafter, should
be entitled as of the day on which the judgment was thus ren-
dered or pronounced.

Argued January 5th—decided March 3d, 1904.

PLEA in abatement to an appeal from a judgment of the
Superior Court in Hartford County (*Shumway, J.*), confirm-
ing the action of the board of relief. The appellant filed an
answer to which the appellee demurred. *Demurrer over-
ruled.*

*Edward D. Robbins* and *Joseph P. Tuttle,* for the appellee,
in support of the plea in abatement.

*Lewis Sperry,* for the appellants, in opposition to the plea
in abatement.

PRENTICE, J. The appellee pleads in abatement for rea-
sons which are, in substance, that the steps prescribed by
law to be taken in order to perfect an appeal to this court

were not seasonably taken.   The allegation of the plea, upon which the truth of all the others depends, is that final judgment in the trial court was rendered on August 27th, 1903. The appellant answers the plea, denying this allegation and with it all the allegations of unlawful delay which are dependent upon it.   The answer by way of special answer also sets out in detail the history of the cause subsequent to its submission to the decision of the trial judge.   The appellee demurs to this special answer.

The allegation as to the time when final judgment was rendered is in form one of fact.   It involves, however, a legal conclusion, which is the real and the only point in issue between the parties.   The question involved is as to the time when, under our statutes and rules, the judgment in the cause is, for the purposes of proceedings in appeal, to be regarded as having been rendered.

The cause is an appeal from the doings of the board of relief of the city of Hartford.   The history set out in the answer embodies the following facts : On August 27th, 1903, the judge who sat as the court to hear it filed with the clerk his memorandum of decision, the concluding sentence of which was : "The action of the board of relief is affirmed." The clerk on the same day sent written notice to counsel, and on the 29th the appellants filed their notice of appeal. The judgment-file was not prepared until September 23d. On September 29th the appellants filed a second notice of appeal, and on October 1st a request for a finding accompanied by a draft of proposed finding.   Then followed draft of counter-finding, finding, motion to correct finding and exceptions thereto, when finally, on November 27th, the completed and corrected finding was filed.   On December 7th the appellants took their appeal.   No extensions of time were granted.

The appellee claims that judgment in the cause was rendered on August 27th, and that the appellants' time for filing their request for a finding began to run from that date, or rather from September 1st, the days of July and August being excluded from the computation of time.   The appel-

lants claim that judgment was not rendered until the judgment-file was made out and signed on September 23d, and that the time for filing their request did not begin to run until that date.

Counsel have assumed that a decision of the question as thus stated would be decisive of the merits of the present plea, and have confined their arguments to that question. In this we think that they are in error, for two reasons.

The judgment-file which is before us bears date September 23d. It recites that the cause came to that day and was that day heard and adjudged. This record of the trial court is conclusive in this court of the truth of the facts recited. *Corbett* v. *Matz*, 72 Conn. 610; *Cox* v. *McClure*, 73 id. 486. If the facts are therein misstated the remedy is elsewhere. *Verzier* v. *Convard*, 75 Conn. 1.

The only failure which is charged to the appellants as depriving them of their right to appeal, consists in not filing a request for a finding and a draft of proposed finding within two weeks after September 1st. One desiring to appeal, who, in a case where a finding is necessary, fails to file his request and draft as, and within the time, prescribed by statute, loses his right to have a finding. *State* v. *Duffy*, 66 Conn. 551; *Scholfield G. & P. Co.* v. *Scholfield*, 70 id. 500. If, however, the judge waives the protection to himself contained in the statutory provisions, and makes and files a finding either without a request and draft of proposed finding, or upon defective and informal ones, or delayed ones, and an appeal is thereafter seasonably taken, the appellee cannot plead in abatement in this court therefor. *Scholfield G. & P. Co.* v. *Scholfield*, 70 Conn. 500.

The question upon which the parties have made their contention is, however, of so much practical importance to the profession, that we ought not to avoid its decision. A party desiring to appeal is bound to take certain steps in that direction within certain specified times from or after "the rendition of the judgment." General Statutes, §§ 790, 791, 793. The language of § 793 raises a strong implication that by the time of the rendition of the judgment is meant

the time when the decision of the court is filed, for it is there provided that a request for a finding shall be filed within two weeks after the rendition of judgment, unless " the decision of the court " is filed in the months of July or August. Judgment-files are only indirectly the creations of statute. The statutes provide that all courts of record· shall keep a record of their proceedings, and cause the facts on which they found their final judgments and decrees to appear on the record.   General Statutes, § 763.   To secure a proper compliance with this requirement we have §§ 94, 96, p. 33, of the Rules of Court.   In the first of these sections it is provided that in all actions the judgment shall be formally written out within one week after its rendition, the paper so prepared to be known as the judgment-file.   Here is recognized a clear distinction not only between the judgment and the writing which is required to be made to evidence it, but also between the rendition of the judgment and the preparation of this writing at some subsequent time.   In *Goldreyer* v. *Cronan*, 76 Conn. 113, this distinction is judicially asserted.   It is there said that the filed memorandum of decision brought a judgment into existence ; that a judgment, speaking generally, is the determination or sentence of the law speaking through the court, and does not exist as a legal entity until pronounced, expressed, or made known in some appropriate way ; that it may be expressed orally or in writing, or in both of these ways, in accordance with the customs and usages of the court in which it is rendered.   It is impossible to reconcile the opinion in this case with any theory that there is, in our practice, no rendition of judgment until the judgment-file has been prepared, signed and filed. A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause.   This pronouncement of the court it is incumbent upon the clerk to forthwith enter.   The writing out of the judgment, in the form of a judgment-file to be recorded, is

a matter of subsequent clerical action. The amount of the judgment, if it be one for damages, is assessed and computed as of the day on which the decision is rendered, and not in the exercise of a prophetic vision as to when a clerical duty will be performed. In fairness, therefore, it should bear that date.

Section 91 of the Rules of Court (p. 32) provides that all pleadings, judgment-files, orders and motions in writing, shall be entitled as of the day on which they are filed or entered. As applied to judgment-files, this rule is to be interpreted as requiring them to be entitled as of the day on which the judgments are pronounced or rendered. The rule as originally framed in 1890 used the word "judgments" in place of the present "judgment-files." The history of the evolution of the rule and of the changes which have been made in the tenor of judgment-files, and the co-existence of the rule with that regulating the preparation of judgment-files, serve to show that the construction suggested is the one which is fairly to be placed upon its present provisions, which are, perhaps, framed with too great a regard for brevity to express with the strictest accuracy of language their purpose as to all the subject-matter enumerated in it.

The case of *Vincent* v. *McNamara*, 70 Conn. 332, is not in point. The purport of that case is that an entry of judgment sustaining a demurrer to a complaint is not the rendition of final judgment in the cause.

The demurrer is overruled.

In this opinion the other judges concurred.