## LENA DORENBAUM
vs.
## RUTH KLAPPER

Superior Court        Middlesex County        File #6784

Present:   Hon. ERNEST A. INGLIS, Judge.

S. H. Ritt & I. Polliner,       Attorneys for the Plaintiff.

T. C. Flood,                   Attorney for the Defendant.

## MEMORANDUM FILED FEBRUARY 3, 1936.

INGLIS, J.   This a writ of error brought from the judg-ment of a justice of the peace in a summary process action. The action was returnable before the justice on August 26th, 1935.   On that day an answer, in which there were several affirmative defenses, was filed.   To these defenses a demurrer was filed on August 28th and that demurrer was overruled by the justice on September 5th.   The plaintiff filed a reply and the case was heard on the issues of fact on September 10th.   At the end of the hearing on that day the justice announced that he had rendered his decision in favor of the defendant.

Later, on October 29th, by agreement of the parties the justice heard further arguments on the law involved in the case, at the close of which he announced that he would not change the judgment.

The judgment file was not actually signed by the justice until December 24th but when it was signed it bore the date of "September 10th, 1935," the date when the justice ver-bally announced his decision.

It is not clear from the motion as to whether the plaintiff is asking leave to amend the judgment file herself to make the date thereof December 24th, 1935, or asking that this Court order the change.   In either event, she has mistaken her remedy.   The judgment file, a copy of which has been certified up by the justice, is not a part of the plaintiff's pleadings and therefore it is not subject to amendment by the plaintiff.   Nor is the judgment file any record of this Court.   It is possible that upon proper proceedings this Court

might order a justice of the peace to correct a judgment file so that it would conform to the judgment actually rendered by him. That, however, is quite a different procedure than one by which an order is entered by this Court which itself operates to change the judgment file.

Moreover, in this case it is clear that the facts do not warrant a change in the date of the judgment file. It is well settled that the date of a judgment is the day when it is announced, either verbally or in writing, by the judge.

Buckley's Appeal, 76 Conn., 454; Hull vs. Thoms, et al., 82 Conn. 387.

The date when the justice's judgment was announced in the case was September 10th and not December 24th. It makes no difference that the parties discussed the case before the justice on October 28th. When the justice entered judg- ment in the case on September 10th his jurisdiction over it ceased except for the issuance of an execution. Thereafter, he had no jurisdiction to change his judgment. His Court ceased to be a court so far as this case was concerned upon the day that judgment was rendered.

Alcorn vs. Fellows, 102 Conn., 22.

It is, therefore, clear that the correct date of the justice's judgment in this case was September 10, 1935, and it is proper that the judgment file should bear that date.

The motion is denied.