TEXAS EMPLOYERS INSURANCE ASSOCIATION V. J. E. MILLER.

No. 7643. Decided July 16, 1941.
Rehearing overruled October 8, 1941.
(154 S. W., 2d Series, 450.)

450

*David C. Barcus,* of Beaumont and *Sewell, Taylor, Morris & Connally,* of Houston, for plaintiff in error.

The defendant being an adult male under no disability, was fully competent to settle and compromise his suit in the district court without the necessity of having it approved by either the industrial accident board or the court, and having voluntarily entered into an agreement to compromise and settle the issues involved, after the suit had been filed, and there was no pleading or claim that the agreement had been obtained by fraud, accident, mistake or other cause, it was not essential to its validity that it be approved by the court, but the same was binding upon the plaintiff and the court should

not have rendered a judgment other than to enforce and carry out the terms of the compromise agreement. Texas. Emp. Ins. Assn. v. Ezell, 14 S. W. (2d) 1018; Smith v. Petroleum Cas. Co., 72 S. W. (2d) 640; 9 Tex. Jur. 335; 11 Am. Jur., 272.

*Glenn Faver,* of Jasper, and *Barnes & Barnes,* of Beaumont, for defendant in error.

A settlement is a nullity until approved by the industrial accident board, or the court in which the cause is pending, and a claimant may withdraw his assent to a settlement at any time before the industrial accident board has approved it. Petroleum Cas. Co. v. Lewis, 63 S. W. (2d) 1066; Indemnity Ins. Co. v. Jones, 299 S. W. 674; 3 Tex. Jur., 200.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A full statement of the case was made in the opinion of the Court of Civil Appeals for which see 130 S. W. (2d) 893. A more condensed statement will serve the purposes of this opinion. This is a compensation case, in which The Industrial Accident Board denied the employee, Miller, any recovery. He appealed to the district court and, while the case was pending in that court, he entered into a settlement agreement with plaintiff in error, the insurance carrier. The agreement was reduced to writing, the portion thereof deemed important here reading as follows:

"That for and in consideration of the sum of Two Hundred ($200.00) dollars to him in hand paid by defendant, Texas Employers' Insurance Association, receipt of which is hereby acknowledged and confessed, plaintiff, J. E. Miller, hereby agrees that such suit be and it is hereby, completely compromised and settled; and that judgment may be entered therein providing that said plaintiff recover of and from said defendant the sum of Two Hundred ($200.00) Dollars in full satisfaction of all claims and causes of action of plaintiff against defendant for compensation under the Workmen's Compensation Law of Texas, on account of alleged injuries sustained by said plaintiff on or about November 26th, 1937, in Jasper County, Texas, while in the course of his employment with Oscar Baker, all as is more specifically set out in the claim for compensation filed by said plaintiff with The Industrial Accident Board of Texas on account of such alleged injuries,

as well as in the petition in said suit; it being further agreed and understood that the judge of said court shall fix a reasonable fee, not to exceed one-third (1/3) of the total recovery, to be paid to Glenn Faver, a practicing attorney of Jasper County, Texas, for representing said plaintiff in said cause, which attorney's fee is to be paid in addition to said sum of Two Hundred ($200.00) Dollars already paid plaintiff, and that said defendant shall pay the costs of said suit."

The attorney representing the employee had no knowledge of the settlement agreement. When the attorney representing the insurer reported to the trial court that the settlement agreemen had been consummated, the employee's attorney notified the court that he and his client would decline to be bound by same. No pleading was filed in behalf of the employee seeking to set aside the agreement for fraud or upon any other ground, but he and his attorney relied solely upon the proposition that since the agreement had not been approved by The Industrial Accident Board, or by the trial court, it was not binding. When the agreement was offered in evidence it was excluded upon objection, and the case proceeded to trial just as if no settlement agreement had been entered into. Upon jury findings judgment was entered in favor of the employee for an amount slightly in excess of $1,000.00, after allowing a credit of $200.00, the amount paid the employee when the settlement agreement was executed.

The question of law presented for decision is whether or not the trial court was bound to give effect to the agreement of tha parties, the same, as noted, not having been attacked by the pleadings of the employee. It appears that this precise question has not heretofore been decided by this court, and we have not been referred to any decision thereof in any other jurisdiction having compensation statutes similar to our own. Our decision will be made to rest upon our construction of the application statutes.

Article 8307, Section 12 provides:

"Where the liability of the association or the extent of the injury of the employe is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

1 It is now definitely settled by court decisions that the effect of the above provision is to render compromise agreements entered into while the claim is pending before the board ineffective until approved by the board. Commercial Casualty Insurance Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081; Petroleum Casualty Co. v. Lewis, 63 S. W. (2d) 1066 (writ of error refused); Smith v. Petroleum Casualty Co., 72 S. W. (2d) 640 (writ of error refused); 45 Tex. Jur. pp. 699, et seq., sec. 236. Had this settlement agreement been made before the appeal to the district court was perfected, then under the authorities above cited, the same would have been ineffective until approved by the board.

From a consideration of the Workmen's Compensation Law as a whole we have concluded that the legislative intent is manifest to declare the public policy to be that compromise settlements of claims are not effective and binding until approved. If the claim is pending before the board, then it must approve such settlements, and if pending before the court, then the court must approve same. It is provided in Article 8307, Section 5, in substance, that the trial of the issues in such cases in the court shall be de novo, and that the rights and liabilities of the parties shall be determined by the provisions of the Workmen's Compensation Law. It is also provided, in substance, in Article 8306, Section 7d, as amended by the Acts of 1937, 45th Legislature, p. 535, ch. 26, sec. 1, that the attorney's fees for representing an employee in the court shall be fixed by the court and the basis of fixing such fee is set out herein as follows:

"For representing the interest of any claimant in any manner carried from the board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed one-third (1/3) of the amount recovered, such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined.

"In fixing and allowing such attorney's fees the court must take into consideration the benefit accruing to the beneficiary as a result of such services. No attorney's fees (other than the amount which the board may have approved) shall be allowed for representing a claimant in the trial court unless the court finds that benefits have accrued to the claimant by

virtue of such representation, and then such attorney's fees may be allowed only on a basis of services performed and benefits accruing to the beneficiary."

2 By reference to the portion of the settlement agreement above copied, it will be observed that the parties recognized that a judgment disposing of the pending matter was necessary and that they could not fully dispose of it by agreement. They recognized that they could not restrict the court's authority to fix the attorney's fees, but their agreement fixing the amount of compensation, if permitted to stand, would necessarily result in a restriction of such authority. This for the evident reason that the amount of such fees is limited by the above statute to one-third of the amount recovered.

From a consideration of the provisions mentioned in the light of the Workmen's Compensation Law as a whole, and of the public policy which it reflects, it is our conclusion that the trial court did not err in refusing to give controlling effect to the settlement agreement.

There are a number of assignments in the application raising questions of the sufficiency of the verdict to form the basis of the judgment. Assuming, without deciding, that the issues which it is claimed were not submitted to the jury were material, ultimate issues, it does not follow that the judgment is not supported by the verdict for, there being evidence to support such omitted findings, the trial judge will be deemed to have supplied such findings. R. S. 2190; Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79.

A question is presented as to the method of ascertaining the amount of compensation. That question is properly disposed of by the Court of Civil Appeals and we perceive no reason for writing further thereon.

The judgment of the Court of Civil Appeals, which affirms that of the trial court, is affirmed.

Opinion adopted by the Supreme Court July 16, 1941.

Rehearing overruled October 8, 1941.