**JORDAN et al. v. COLLIER et al.**

No. 2745.

Court of Civil Appeals of Texas. Eastland.

Sept. 23, 1949.

Rehearing Denied Oct. 14, 1949.

Thomas & Thomas, Big Spring, for appellants.

Dell Barber, Colorado City, George W. Leonard, Jr., Colorado City, for appellees..

GRISSOM, Chief Justice.

Mrs. Mattie Collier sued Wendell, Earl V., S. W. Jr., Murry G. and Edna E. Jordan under the "death statutes," art. 4675 et seq., to recover $20,000 damages for the death of her adult son, Prue Collier, and $375.50 for funeral expenses alleged to have been paid by Mrs. Collier. She alleged her son was killed by the explosion of a sand blasting machine while cleaning a brick building owned by said defendants; that his death was caused by the negligence of said defendants in furnishing him a defective machine and failing to inspect it and that said negligent acts were each a proximate cause of Prue Collier's death. In answer to a plea in abatement to the effect that Mrs. Collier's husband was a necessary party, Mrs. Collier, joined by her husband, filed an amended petition in which they alleged that Mrs. Collier had been separated from her husband for more than 12 years "but that he is present in court in person and voluntarily makes himself a party plaintiff to this suit, as a matter of form, disclaiming, however, any pecuniary interest in the life of Prue Collier, and renouncing any and all claims or interest that he might have against the defendants by reason of the alleged wrongful death of the said Prue Collier." Said amendment was signed by the attorneys for "plaintiffs Mrs. Mattie Collier and husband, Watt Collier."

The Jordans alleged that Prue Collier was an employee of Wendell Jordan alone. The Jordans complained of Lefty Windham and O. H. Bryant and impleaded them as cross-defendants, alleging that Bryant was an employee of Windham; that he did the welding on the drum for the sand blasting machine for Windham; that the only defect in the compressor that ex-

ploded and killed Prue Collier was due to defective welding by Windham and Bryant. Wherefore, the Jordans sought judgment against Windham and Bryant for any amount plaintiffs might recover against them. Judgment was rendered for Mrs. Collier against the Jordans for $10,000 compensation for the death of Prue Collier and for $375.50 for funeral expenses alleged to have been paid by her. There was no jury finding relative to the burial expenses. The judgment recited that the son's funeral expenses, amounting to $375.-50, were paid by Mrs. Collier. The Jordans have appealed.

■ Appellants contend the judgment should be reversed because the court erred in overruling their plea in abatement which alleged the absence of a necessary party, to wit: the husband of Mattie Collier. The husband, Watt Collier, having appeared in person, and filed a petition making himself a party plaintiff "as a matter of form" and filed a disclaimer of any pecuniary interest in the life of his son and renounced all claims against appellants by reason of his son's death was a party plaintiff within the meaning of the "death statutes," bound by the judgment rendered and forever precluded from maintaining a suit against appellants to recover damages for the death of his son. Greathouse v. Fort Worth & Denver City R. Co., Tex. Com.App., 65 S.W.2d 762, 766; Wade et al. v. Wade, 140 Tex. 339, 167 S.W.2d 1008, 1010. See also Southern Pac. Co. v. Ulmer, et ux., Tex.Com.App., 286 S.W. 193. Point one is overruled.

Points two and three are that the court erred in entering judgment on the verdict, because of alleged conflicts therein, and in ignoring the answer to issue 14, which was alleged to conflict with other findings.

The jury found (1) that the air tank furnished Prue Collier by the Jordans was not sufficiently constructed to withstand the pressure used; (2) that furnishing such a tank was negligence and (3) a proximate cause of Prue Collier's death; (4) that the Jordans failed to properly test the air tank before using it; that (5) this was negligence and (6) a proximate cause of Prue Collier's death. Issue 12 inquired

whether O. H. Bryant was negligent in welding the tank. The jury's answer was "No." Issue 13 inquired whether "such negligence, if any you have found" was a proximate cause of the explosion. Issue 13 was submitted conditionally, to be answered only in the event issue 12 was answered "Yes," that is, that Bryant was negligent in welding the tank. Having failed to find that Bryant was negligent in welding the tank, the jury properly failed to answer issue 13. Issue 14 was, "Do you find from a preponderance of the evidence that *such negligence, if any,* was the sole proximate cause of the explosion in question." (Italics ours). The jury answered said issue, "Yes."

■ The jury's finding that the Jordans were negligent in furnishing Collier with a defective tank and in failing to test it, that such acts constituted negligence and proximate causes of the death of Prue Collier, together with the jury's finding of $10,000 damage to Mrs. Collier, required a judgment for Mrs. Collier for such sum, absent a finding of contributory negligence, unavoidable accident or that the act of a third person was the sole cause of Prue Collier's death. All of said suggested findings that would prevent rendition of such a judgment for Mrs. Collier were clearly found against the Jordans, unless it be the last mentioned. However, we think it is evident that issue 14, which inquired whether "such negligence" constituted the sole cause of the explosion, referred only to the negligence of Bryant in welding the tank inquired about in issue 12 and referred to in issue 13 as "such negligence, if any you have found." The jury found that Bryant was not negligent in welding the tank and the jury's answers to issue 14 that "such negligence, if any, was the sole cause of the explosion," was meaningless, immaterial and not in irreconcilable conflict with the findings that the Jordans were guilty of negligent acts, which were proximate causes of Prue Collier's death. Ford v. Carpenter, Tex.Sup., 216 S.W.2d 558, 562. The only conflict is between the finding that Bryant's welding was not negligently done (issue 12) and that Bryant's said

negligence (not found) was the sole cause of the explosion. (Issue 14). As said by Judge Hall in Goss v. Longview Hilton Hotel Co., Tex.Civ.App., 183 S.W.2d 998, 999: "* * * the test applied by the trial judge is 'whether taking the finding alone in the one instance, a judgment should be entered in favor of plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.'"

■ The question here presented was settled by said opinion and the decisions in Shell Oil Co. v. Dennison, Judge, Tex. Civ.App., 132 S.W.2d 609, writ ref. and Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, writ ref. Such decisions compel the conclusion that no irreconcilable conflict exists. Points 2 and 3 are overruled.

■ Points 4 to 8, both inclusive, present the contentions that the court should have instructed a verdict for all the Jordans except Wendell, because there was no evidence, or insufficient evidence, that Wendell Jordan was the agent for his co-defendants in cleaning the building that belonged to them and on which Prue Collier was working with the sand blasting machine when he was killed. Mrs. Collier alleged that the negligent acts charged were acts of the defendant Wendell Jordan while acting for himself and each of the other Jordan defendants. There was evidence that Prue Collier was working for all of the Jordans and repairing their building when he was injured and that Wendell Jordan had a power of attorney from the other defendants. The power of attorney was not introduced in evidence. However, the evidence mentioned was, we think, sufficient to sustain a finding that Wendell Jordan, in cleaning the building belonging to the Jordans, was acting as the agent for the other Jordans.

Point 8 is that Mrs. Collier waived her right of recovery against all of the defendants except Wendell Jordan because no question as to the authority of Wendell Jordan to act for the other Jordans was submitted to the jury. The authority of Wendell Jordan to act as the agent of the other Jordans was an issue of fact. It was not submitted to the jury. It was not requested by the plaintiff. The defendants did not object to the failure of the court to submit it. Texas R.C.P. 279 provides, in part: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that *objection to such failure shall suffice* in such respect *if the issue is one relied upon by the opposing party.*" (Italics ours.)

In Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371, 376, we said: "The court did not submit the issue of proximate cause. Defendant did not except to the charge because such issue was not submitted. If it was a fact issue, we are required to presume that the trial court found that the negligence of defendant (found by the jury) was a proximate cause of plaintiff's injury. Defendant waived the right to have the jury pass on the issue of proximate cause by his failure to object to its omission. Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 373, 135 S.W.2d 79; Ortiz Oil Co. v. Geyer, 138 Tex. 373, 377, 159 S.W.2d 494; Lindley v. Franklin Fire Ins. Co., 137 Tex. 196, 200, 152 S.W.2d 1109; Texas Employers Ins. Ass'n v. Miller, 137 Tex. 449, 454, 154 S.W.2d 450; R.C.P. rule 279."

See also Ford v. Carpenter, Tex.Sup., 216 S.W.2d 558, 562 and Le Master v. Farrington, Tex.Civ.App., 103 S.W.2d 189, 191, writ dis.

■ In Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 190, 166 S.W.2d 904, our Supreme Court reversed the judgment of the Court of Civil Appeals and held the court erred in denying a plaintiff judgment because of the lack of a jury finding as to the highest market value of his wool converted by the defendant. This was an element of plaintiff's ground of recovery. It was an issue of fact. It was not submitted. Plaintiff did not request its submission. The defendant did not object to the failure of the court to submit the issue. The Supreme Court held that the trial court had

the right to make a finding as to such market value and, since the judgment was for the plaintiff, it was presumed the trial court found it in such manner as to support the judgment. The precise point here presented seems to have been determined adversely to appellants in Rodriguez v. Higginbotham-Bailey-Logan Company, Tex.Civ.App., 172 S.W.2d 991, 993, writ ref. In that case a component element of plaintiff's ground of recovery was the authority of an agent to make the contract in question. Such a question was not submitted. As here, the plaintiff did not request its submission and the defendant did not object to the failure of the court to submit the issue. The court held that under such circumstances, the trial court should decide the issue in accordance with the evidence, because its determination by a jury had been waived. Points 4 to 8, both inclusive, are overruled.

Point 9 is that the court erred in permitting the introduction of a power of attorney. We agree with appellant that the power of attorney was not introduced in evidence and, therefore, overrule said point.

 In addition to the $10,000 awarded Mrs. Collier for loss of contributions she would have received had Prue Collier lived, the judgment awarded her $375.50 for burial expenses found to have been paid by Mrs. Collier. After careful study of the statement of facts, we have concluded that the judgment for $375.50 for burial expenses must be reversed and the judgment to that extent rendered for appellants. Mrs. Collier testified unequivocally that Prue Collier's burial expenses were paid out of her son's bank account. In other words, her testimony shows clearly that Prue Collier had deposited his wages in a bank and that after his death, Mrs. Collier wrote a check on that account to pay for his funeral expenses. Mrs. Collier did not pay the burial expenses. Southern Surety Co. v. Inabnit, Tex.Civ. App., 1 S.W.2d 412, 414; Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421, 429.

Points not discussed are either disposed of by what has been said or are deemed without merit and overruled.

The judgment in favor of appellee for $10,000 is affirmed, but in so far as it awards appellee recovery of $375.50 for burial expenses, the judgment is reversed and judgment rendered for appellant. One-fourth of the costs of the appeal are taxed against appellee.

Affirmed in part and reversed and rendered in part.