## HEARN v. FRAZIER.

No. 2877.

Court of Civil Appeals of Texas. Eastland.

May 25, 1951.

172

See also 228 S.W.2d 582.

Thomas L. Blanton and Blanton & Blanton, all of Albany, for appellant.

R. M. Wagstaff, Alibene, for appellee.

GRISSOM, Chief Justice.

This is a suit by Hearn against Frazier. The substance of plaintiff's petition is as follows: that there was an agreement that Frazier would buy and pay for a drilling rig and machinery to drill oil wells; that Hearn would use such equipment in drilling oil wells; that Hearn was to be paid a driller's wages for one tour each day and when the net profits from drilling wells with such equipment were sufficient to repay Frazier the cost of such rig and machinery, Hearn was then to own a one-half interest therein; that said parties would then form a partnership for drilling oil wells and would thereafter divide the profits equally between them; that Frazier purchased such drilling rig and machinery for $3,500.00; that Frazier received $4,085.00 profits from wells drilled by Hearn with such equipment; that Hearn thereby became the owner of an undivided one-half interest in said rig and machinery. Hearn alleged he demanded of Frazier a bill of sale to his one-half interest in said rig and machinery but Frazier refused to execute same; that Hearn was entitled to have his one-half interest established and a judgment for one-half of the surplus above $3,500.00. In the alternative, Hearn alleged that Frazier kept the records and, when defendant learned plaintiff was making a profit from plaintiff's management of said drilling rig and machinery and would soon pay out the $3,500.00, defendant breached his contract and took the management and control of

said drilling machinery from him, misused their profits and misapplied large sums of money from said profits; that if there was not "now as much as $3,500.00 net profits" from the drilling of said six wells shown on the books kept by defendant, sufficient to repay defendant for the purchase money then same had been wasted, misapplied and misappropriated by defendant, for which he was liable to plaintiff. In the further alternative, plaintiff alleged that if defendant encumbered or disposed of plaintiff's one-half interest in said machinery plaintiff would be entitled to judgment for its value, to-wit: $1,750.00, with interest from July 6, 1949. (There was no evidence of such a sale.)

Plaintiff prayed for judgment for the "title and possession of an undivided one-half interest" in said machinery and for one-half of the "surplus profits made from the drilling of said six wells over and above $3,500.00." In the alternative, plaintiff prayed for judgment against defendant for $1,750.00 as the value of one-half of the drilling rig and equipment purchased by Frazier and one-half of the surplus profits made in the drilling of said six wells "above $3,500.00 used to repay defendant, with interest from July 6, 1949."

It was undisputed that Frazier bought a drilling rig and machinery for $3,500.00 and turned it over to Hearn for the drilling of some oil wells with an agreement that Hearn was to receive the wage ordinarily paid drillers for one tour per day and that when the net profits exceeded $3,500.00 Hearn was to thereafter own a one-half interest in said rig and machinery. It is undisputed that Hearn drilled six wells with said equipment.

Only one issue was submitted to the jury, in answer to which it found that the profit from drilling "the six wells in question which were drilled under the agreement originally made between plaintiff and defendant" was $1,072.00. Judgment was rendered that plaintiff take nothing and he has appealed.

Appellant's first point is, in substance, that the court erred in overruling appellant's motion for judgment because the evidence showed the contract heretofore stated and because there was no time limit fixed in said agreement and appellant had the right to continue drilling until the profits amounted to $3,500.00. Appellant's second point is that the court erred in refusing to render judgment for plaintiff because the undisputed evidence showed appellant was entitled to have all of the profits earned by the use of said rig and machinery after appellee took possession and control of the machinery from appellant added to the $1,072.00 profits, which the jury found had been earned from drilling six wells, in determining whether appellant now owns a one-half interest in said rig and that appellant was entitled to continue drilling wells with said machinery until the profits amounted to $3,500.00.

Appellant's third point is substantially a repetition of the first two with the additional contention that by rendering said judgment the court denied appellant his right in said rig and machinery and bonus pay for the work done in dismantling the rig and setting it up for the drilling of the six wells and superintending their drilling. Under said three points, appellant contends that, under the pleadings and the undisputed evidence, judgment should have been rendered requiring appellee to permit appellant to resume drilling under the contract until the profits amounted to $3,500.00 and that, under the judgment rendered, appellant will receive no pay as appellee's manager in the drilling of six wells, prior to June 26, 1949.

In this connection it is noted that appellant's prayer was for judgment for the title and possession of a one-half interest in the rig and machinery and for one-half the profits above $3,500.00 and, in the alternative, for $1,750.00, being the value of one-half of said rig and machinery and for one-half of the profits above $3,500.00. The jury's finding that the profits earned amounted to only $1,072.00 is not challenged.

Appellee alleged, among other things, in answer to appellant's petition, that

appellant had been paid all money due him and that appellant voluntarily quit and had never claimed any partnership until the filing of this suit. Appellee's counter point One is that, since the jury found that the profits derived from the drilling rig amounted to only $1,072.00 and, since it is undisputed that it cost $3,500.00, the court properly rendered judgment for appellee because appellant's suit was for one-half interest in the rig (which interest he asserted only on the theory that the profits from wells drilled by him amounted to $3,500 00, the cost of the rig and machinery, and for one-half of the profits above $3,500.00), and, therefore, appellant had not established his cause of action and was not entitled to judgment.

Appellant's second counter point is that appellee, having admitted he abandoned operation of the rig, his rights, if any, to profits from the operation of the rig then terminated and, unless he could show a profit of $3,500.00 to that date, he was not entitled to recover anything.

■■ There is evidence which would support the conclusion that Hearn could not "get along" with Frazier and Hearn abandoned operation of the rig about June 24, 1949, and that he then demanded a bill of sale to a one-half interest in the rig and machinery. If, as the jury found, the profits to that time amounted to only $1,072.00, under the contract, appellant was not entitled to a one-half interest in the rig and machinery. As heretofore indicated, it is certainly not manifest from plaintiff's pleadings that he sought a judgment for anything other than a one-half interest in the rig and machinery and for half of the profits above $3,500.00. If this is a proper construction of appellant's pleadings, since he does not attack the jury's finding that the profits amounted to only $1,072.00, appellant could not recover. Furthermore, there is evidence from which a jury could have concluded that appellant voluntarily abandoned operation of the rig. The evidence fixed no time limit within which appellant could

use appellee's machinery to earn $3,500.00 and, thereby, acquire a half interest in the machinery. The law would give appellant a reasonable time. If such an issue was raised, it was not conclusively established and appellant did not request its submission and thereby waived it. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85; Jordan v. Collier, Tex.Civ.App., 223 S.W.2d 544, 547.

■■ Appellant was the plaintiff. He had the burden of alleging a cause of action and proving it by a preponderance of the evidence. Only the question as to the amount of profits derived from the drilling of six wells by appellant with appellee's machinery was submitted to the jury. The jury's answer to that issue required a judgment for defendant under the contract alleged by appellant and admitted by appellee because appellant was not entitled to such interest until the profits amounted to $3,500.00. If the pleadings or evidence raised any other issue upon which appellant could have recovered it was appellant's duty to request the submission of such issues. No such request is shown. If such an issue existed, appellant, by his failure to request its submission, waived the same.

■ Appellant's fourth and fifth points are that the court erred in refusing to require appellee to return to appellant, upon the trial, logs of the wells drilled on the Palm Ranch. Appellee and his bookkeeper testified that said logs were lost and could not be found after a diligent search. The court, therefore, did not err in refusing to require appellee to produce them.

Appellant contends the court erred in not permitting him to show the number of wells drilled by appellee and the profits made therefrom after June 24, 1949, when appellant ceased to be the driller in charge of said machinery. We think this point has previously been answered. We think such a cause of action was not alleged. The only cause of action clearly alleged was based on the theory that the six wells drilled by appellant with appel-

lee's machinery made a net profit exceeding $3,500.00.

We have carefully considered all of appellant's points and his contentions thereunder and have concluded reversible error is not shown. The judgment is affirmed.