Frazier ESCO, Appellant,

v.

ARGONAUT INSURANCE COMPANY, Appellee.

No. 6786.

Court of Civil Appeals of Texas.

Beaumont.

June 16, 1966.

Adams & Browne, Beaumont, John T. Lindsey, Port Arthur, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is a case brought under the Workmen's Compensation Law. Judgment was rendered for plaintiff based upon a compromise settlement agreement. The parties will be referred to here as they were in the trial court.

The parties announced ready for trial and a jury was selected. The plaintiff had been giving testimony, but following a recess, the attorneys informed the court that the case had been settled. The jury was discharged and the court proceeded to hear further testimony from plaintiff as to the terms of the settlement. Following such testimony the court said: "All right, I will approve the settlement." All of this transpired on Monday, March 30, 1964, and on Friday of the same week plaintiff told his attorney who told defendant's attorney that he was not willing to accept such settlement. At such time, the releases had not been executed, the written form of the judgment had not been approved by the attorney for plaintiff and had not been signed by the court. Defendant filed a motion for judgment and following a hearing a judgment was entered November 23, 1964, for plaintiff for the amount that had been agreed upon and announced to the court back on March 30, 1964.

A second attorney represented plaintiff in resisting defendant's motion for judgment. Evidence was heard by the trial court on such motion, which is a part of the record in this court. A transcript of the testimony given by plaintiff March 30, 1964, in reference to the compromise settlement agreement was offered in evidence. On the hearing of the motion for judgment, plaintiff testified: That his original attorney

had asked him to take the settlement of $3,750.00 and told him that another suit would be filed for some more money. That this was the only reason he agreed to accept $3,750.00. That he found out before Friday, when the papers were to be executed, that he could not file another suit and that under such circumstances he was not willing to accept $3,750.00 in settlement of his case.

Plaintiff's original attorney also testified on the hearing of defendant's motion for judgment and denied that he had told plaintiff that a new suit would be filed.

■ Plaintiff's first series of points urge that it was error for the trial court to enter a consent judgment where the plaintiff had withdrawn his consent before the judgment was entered. Plaintiff cites the case of Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, as authority for the proposition that a valid consent judgment cannot be rendered by a court when the consent of one of the parties is wanting, and that such consent must exist at the very moment the court undertakes to make the agreement the judgment of the court. Defendant contends this Burnaman Case, supra, is not applicable to the facts of the instant case. In the Burnaman Case, a damage suit, the plaintiff did not appear in court and give evidence as to the terms of the settlement agreement, but on the contrary notified the court that she had not authorized her attorney to make a settlement of her case, and notified the court of this situation before the judgment of the court was entered. A compromise settlement agreement made in a compensation case which is approved by the court, after hearing evidence, is not synonymous with the term "consent judgment" as used in the Burnaman Case, supra. There is no statutory law or case law which compelled the approval of the court to the consent judgment in the Burnaman Case. The reason for the rule of law stated in the Burnaman Case is obvious in that the court in a true "consent judgment" case has no discretion as to approving the terms of a settlement made, and the only question is

whether the parties actually were in agreement at the time the judgment was entered. This, of course, is not true in a compensation case, and the case law requires the court to hear evidence as to the terms of the settlement and to determine whether or not such terms are understood and acceptable to the claimant. There is no contention that the plaintiff did not understand the terms of the settlement. There is also no contention that the amount of the settlement was not acceptable to plaintiff as payment for the compensation claim.

■ A special rule of law is applicable to workmen's compensation cases, as to the validity of compromise settlement agreements. A contractual agreement between the parties does not become binding until approved by the Board or the court. This law is set forth in Texas Employers' Ins. Ass'n v. Miller, 137 Tex. 449, 154 S.W.2d 450, as follows:

"From a consideration of the Workmen's Compensation Law, Vernon's Ann. Civ.St. Art. 8306 et seq., as a whole, we have concluded that the legislative intent is manifest to declare the public policy to be that compromise settlements of claims are not effective and binding until approved. If the claim is pending before the board, then it must approve such settlements, and if pending before the court, then the court must approve same."

■ The precise point of the case under consideration has not been directly passed upon by the appellate courts of this state, but the same rules of law under the Workmen's Compensation Law have been applied to the proceedings in court as prescribed for the Industrial Accident Board. For example, such law provides for approval of compromise settlement agreements by such Board and no specific mention has been made for such approval by the court. The cases have extended the meaning of the law to include the necessity of the approval of the court when an appeal has been taken from the Board to the court. We have concluded that the law has been settled by the

Supreme Court in the case of Pacific Employers Ins. Co. v. Brannon, 150 Tex. 441, 242 S.W.2d 185. In the Brannon Case the claim had not been appealed from the Board at the time the compromise settlement agreement was made, so the approval was secured by the Board. In the present case the compromise settlement agreement was made while pending in court and was approved by the court. We hold that there was a valid accord, which superseded the original claim, and was in the fullest sense a settlement, subject only to judicial cancellation for fraud or other equitable grounds. The compromise settlement agreement, when approved by the court after hearing evidence, was binding upon both plaintiff and defendant.

The trial court heard evidence as to whether such compromise settlement agreement should be set aside on the hearing of defendant's motion for judgment. The entering of the judgment was a finding by the court against the plaintiff as to fraud or equitable grounds for setting aside the compromise settlement agreement. There was no evidence of any fraud or misrepresentation connected with the defendant. There is no contention made in this court that the defendant, nor anyone connected with it, made any misrepresentations in order to persuade plaintiff that he should accept the compromise settlement agreement made by the attorneys. The trial court, in effect, found against plaintiff as to the allegations made against plaintiff's original attorney. Determining the equitable grounds question lay within the sound discretion of the trial court. We find no abuse of such discretion.

The judgment of the trial court contains the following:

"Rendered in open court on the 30th day of March, 1964, and entered this 23rd day of November, A.D. 1964."

Defendant contends the trial court rendered a judgment March 30, 1964 when it was announced in open court: "All right, I will approve the settlement." Even though the oral announcement made in this case is quoted to be "All right, I *will* approve the settlement", it is apparent that the trial court was giving its present approval, and that there was no intention on the part of anyone, plaintiff, defendant or the court, that further evidence be heard by the court before rendering judgment. If it is admitted that the statement made by the trial court is not clear in its meaning, the judgment entered in this case shows on its face that it was the intention of the trial court to render judgment at the time of such announcement. Defendant quotes from Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, to support its position, as follows:

"In Freeman on Judgments, 5th Ed., Vol. 1, Sec. 48, pp. 80 and 81, it is said that 'the rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication' which 'may be oral as well as written,' and that a judgment is ' "rendered" when the decision is officially announced either orally in open court *or by memorandum filed with the clerk.*' One of the cases cited in support of the text is the case of Appeal of Bulkeley, 76 Conn. 454, 57 A. 112, 113, in which it is said: 'A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause. This pronouncement of the court it is incumbent upon the clerk to forthwith enter. The writing out of the judgment in the form of a judgment file, to be recorded, is a matter of subsequent clerical action. * * * Here is recognized a clear distinction not only between the judgment and the writing which is required to be made to evidence it, but also between the rendition of the judgment and the preparation of this writing at some subsequent time.' "

It is apparent that the trial court in making the oral announcement approving the compromise settlement agreement was passing upon and disposing of the only matter necessary in order for a judgment to be entered. Under these circumstances such pronouncement was a rendition of a judgment for plaintiff against defendant in the sum of $3,750.00. The writing out of the judgment in its present form was a matter of subsequent clerical action.

■ The second series of points raised by plaintiff complain of the action of the trial court in rendering a judgment awarding plaintiff's original attorney 30% of the amount recovered. It is contended that the original attorney upon being contacted by the attorney representing him on the hearing of the motion for judgment and in this court released the case for a valuable consideration which had been paid to him, in the amount of $380.25. The original attorney admitted that he had accepted such money and turned the file over to the second attorney, but contends that he performed the services of an attorney in representing plaintiff in securing the compromise settlement agreement and says that if the judgment is entered based upon such agreement then he is entitled to be paid the attorney's fee agreed upon.

There may have been a valid assignment by the original attorney to the second attorney representing plaintiff on the motion for judgment. This is a matter subject to future litigation between such attorneys. The original attorney having represented plaintiff at the time the compromise settlement agreement was made and approved in the suit filed by such attorney, was entitled to have the attorney's fee awarded to him. The points are overruled.

Judgment affirmed.

## DISSENTING OPINION

HIGHTOWER, Chief Justice.

I disagree with that part of the opinion of the majority of the court which holds that the court below did not err in entering judgment for appellee based upon the so-called "compromise settlement agreement". As a matter of justice, I would apply the same principles of law in construing the binding effect of said agreement, under the facts of this case, as are applicable to judgments by consent.

The plaintiff is here seeking his right to try his suit before a jury. It has been held by the Supreme Court that:

"A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto *may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.*" (Emphasis added) Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d at p. 291; 33 Tex.Jur.2d, Judgments, § 103 et seq.

On the original hearing of March 30th referred to in the majority opinion the court only made this docket entry: "Jury selected and sworn; plaintiff begins testimony. Parties announced settlement and jury discharged at 3:50 P.M." The court made this statement: "All right, I will approve the settlement." It is clear that such statement of the trial judge was entirely prospective in the sense that he would render and enter judgment at such time that the parties presented it to him, reduced to writing and signed by all concerned. Said statement of the court was of no binding effect when made.

After hearing the testimony of appellant and other evidence adduced on appellee's motion for judgment, the court should have refused said motion as a matter of law and it erred by entering judgment for appellee on November 23rd.

Accordingly, in the interest of fairness and justice to appellant, I would reverse the judgment of the court below and remand the cause for trial on the merits.