**ANGELINA CASUALTY COMPANY,**
**Appellant,**

**v.**

**J. W. BENNETT, Appellee.**

**No. 15061.**

Court of Civil Appeals of Texas.

Houston.

May 4, 1967.

Rehearing Denied May 25, 1967.

Andrews, Kurth, Campbell & Jones, George H. Hagle, Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, Frank Abraham, W. James Kronzer, Houston, of counsel, for appellee.

WERLEIN, Justice.

This is a workmen's compensation case which was regularly called for trial on October 4, 1966. Following the selection and impaneling of the jury and during a recess of court, the parties through their respective attorneys announced to the court that they had agreed upon a compromise settlement agreement subject to the approval of the court. Thereupon the court proceeded to hear evidence with respect to the terms of the proposed compromise settlement agreement. Under such agreement appellee was to be paid a lump sum of $9,500.00 to cover all past and future weekly compensation benefits, including past medical, hospital and surgical expenses. It was further agreed to leave the future medical, hospital and surgical expenses open, and in connection therewith appellant agreed to pay any medical bill certified to by a doctor to be reasonable and necessary as the result of the accident in question, and specifically agreed upon acceptance of any certification made by Dr. Morton Blum as to the reasonableness and necessity of medical bills. We here quote the following pertinent evidence adduced at the hearing:

"THE COURT: Dr. Blum has told Mr. Bennett that he needs a fusion operation, and I want Mr. Bennett to know right now whether you intend to bring any medical

testimony that *is* fusion is not necessary as a result of this accident.

"MR. HAGLE: No. No, your Honor.

"THE COURT: All right, you are going to accept Dr. Blum's word?

"MR. HAGLE: We will accept Dr. Blum's word.

"THE COURT: As to what is necessary as a result of the accident made the basis of this suit.

"MR. HAGLE: Yes, sir.

"MR. ABRAHAM: We agree, your Honor.

"THE COURT: No question about that.

Mr. Bennett, do you understand that?

"THE WITNESS: Yes, sir, I understand.

"THE COURT: You understand what Dr. Blum says you need because of this accident you are going to have and the insurance company is going to pay for it?"

After concluding the hearing the trial court stated: "I will approve the settlement, and please see that Mr. Bennett has his money no later than Monday of next week." The court then entered on its docket sheet: "Oct. 5, 1966—Settlement approved. Agreed judgment for Pf. for $9,500.00 plus future medical including $2,850.00 attys fee." There is no question but that appellant, through its counsel, Mr. Hagle, represented that the compromise settlement agreement would be honored by it.

Thereafter, on October 14, 1966, there came on to be heard appellee's oral motion for entry of a formal written judgment in accordance with the compromise settlement agreement made in open court on October 5, 1966. Appellant's request to make objections and exceptions to the entry of the judgment was granted. Thereupon appellant made it known to the court that it did not agree to the entry of such judgment upon the ground that it did not approve "the

inclusion in the judgment of the provisions whereby the Defendant is to be bound by the certificates of a single doctor concerning the medical needs in the future of the Plaintiff." At such hearing appellant further objected to the inclusion in the judgment of the phrase "rehabilitation of Plaintiff" in connection with the payment of all necessary medical and hospital expenses for the care, cure and treatment of plaintiff in the future as a result of his injuries. The court thereupon eliminated the word "rehabilitation" from the draft of the judgment, and entered judgment in accordance with the previous compromise settlement agreement over appellant's objection that it was beyond the court's power to approve a compromise settlement concerning future medical, hospital and surgical treatment.

Appellant asserts that the court erred in entering a judgment which awarded appellee benefits covering future medical expenses since such adjudication was beyond the power conferred upon the trial court, and also erred in entering an agreed judgment when the court was aware that appellant did not agree to the entry of the judgment and objected thereto before it was entered. Appellant further contends that the court erred in entering the judgment because it was indefinite and uncertain and did not sufficiently define the rights and obligations of the parties so that the judgment might be enforced by summary process without the ascertainment of additional facts. The judgment entered by the court contains the following provision:

"* * * the Defendant shall pay all reasonable and necessary medical expenses, including hospitalization, surgery, nursing and medicines necessary for the care, cure and treatment of the Plaintiff in the future from and for his injuries made the basis of this suit, it being understood as part of the settlement that the Defendant will not contest whether or not said expenses are necessary if certified to by Dr. Morton Blum of Houston, Texas."

We do not agree that there is anything indefinite or uncertain about the compromise settlement agreement entered into and the formal entry of judgment in accordance therewith. Such agreement not only specified definitely that appellant would pay all reasonable and necessary medical expenses for the care, cure and treatment of appellee, but also specified that it would accept a certification by Dr. Blum as to the necessity of the medical bills that might be incurred.

Appellant contends that under Section 5 of Article 8307, Vernon's Annotated Texas Statutes, as amended in 1957, neither an award of the Board nor the judgment of the court can decide the liability of an insurer for future medical services. Appellant relies upon the case of Bituminous Casualty Company v. Whitaker, 356 S.W.2d 835 Tex. Civ.App., n.w.h., in which it was said: "We sustain appellant's points 4 and 5. The judgment includes a recovery of $750.00 for future medical expenses. Section 5 of Article 8307, as amended in 1957, prohibits the rendition of a judgment for future medical expenses in a workmen's compensation case." That case involved in part a review of a final judgment after trial which included an amount for future medical expenses. It did not involve a compromise settlement agreement approved by the court.

The case of Pearce v. Texas Employers Insurance Association, Tex.Civ. App., 403 S.W.2d 493, writ ref., n. r. e., distinguishes between a compromise settlement agreement with respect to future medical expenses, and a final award of the Industrial Accident Board or a judgment after trial. Under Sections 5 and 12 of Art. 8307, V.A.T.S., an approval or a rejection of a compromise settlement agreement by the Industrial Accident Board or by a district court on an appeal from an award of the Board, is neither an award of compensation nor a denial thereof. The law is well established that a compromise settlement agreement after approval by the Industrial Accident Board, may only be set aside in an independent proceeding alleging fraud or other grounds which would entitle the party to a rescission or cancellation as at common law. In Pearce v. Texas Employers Insurance Association, supra, appellant argued that the language of Section 12 of Art. 8307, which authorizes a compromise settlement, was subordinate to the limitations of Article 8307, Section 5, because of the words "notwithstanding any other provision of this law, as amended, * * *", and that since Section 12 was not amended to include authority to compromise claims for future medical expenses, the Legislature must have intended that such claims could not be compromised. The Court said:

"We are unable to follow appellant's reasoning. As we read them, these two sections are not inconsistent, but on the contrary relate to entirely different aspects of the Workmen's Compensation Act and are in harmony with each other. They endeavor to accomplish entirely separate and distinct ends. Section 12 deals with compromise settlements, which are agreed upon to avoid adjudication by final award, while Section 5 deals wholly with final rulings and decisions, whether they be the first award or successive awards."

The Supreme Court of Texas on March 8, 1967, in refusing a writ, n. r. e., in the Pearce case, Tex., 412 S.W.2d 647, held in a per curiam opinion on motion for rehearing of application for writ of error:

"The Court of Civil Appeals in deciding the question adversely to petitioner, has held that Section 5, supra, by its terms is restricted to awards of the Board and judgments of a court of law, and that the enactment of Section 5, supra, did not have the effect of repealing Article 8307, Sec. 12, supra; thus, holding that Sec. 5, supra, refers only to awards and judgments and has no application to a compromise settlement approved by the Board, as provided in Article 8307, Sec. 12, supra. We have concluded that the Court of Civil Appeals, in so holding

has correctly interpreted the statutes involved herein. Therefore, we approve its holding."

In Esco v. Argonaut Insurance Company, 405 S.W.2d 860, Tex.Civ.App.1966, writ ref., n. r. e., the Court held:

"In the present case the compromise settlement agreement was made while pending in court and was approved by the court. We hold that there was a valid accord, which superseded the original claim, and was in the fullest sense a settlement, subject only to judicial cancellation for fraud or other equitable grounds. The compromise settlement agreement, when approved by the court after hearing evidence, was binding upon both plaintiff and defendant."

■ It is true, as asserted by appellant, that the Industrial Accident Board cannot properly approve a compromise settlement agreement when it has notice prior to approving the same that one of the parties has withdrawn his consent. Smith v. Petroleum Casualty Co., 72 S.W.2d 640, Tex. Civ.App.1934, writ ref.; Petroleum Casualty Co. v. Lewis, 63 S.W.2d 1066, Tex. Civ.App.1933, writ ref. The same rule would apply where the consent of one of the parties is withdrawn prior to the approval by the court of a compromise settlement agreement, since on appeal of a claim from the Industrial Accident Board, the duties of the court are identical with those of the Board. Texas Employers Ins. Ass'n v. Miller, 1941, 137 Tex. 449, 154 S.W.2d 450.

In the cases relied upon by appellant the consent of one of the parties was withdrawn prior to the approval of the proposed compromise settlement agreement. This is not true in the instant case. In this suit the compromise settlement agreement was complete in all of its details. Such agreement was made by the parties in open court and approved by the court at the time it was made after the court had heard all of the terms and details thereof. The agreement did not contemplate any further action by the court. It was entered into and approved on Wednesday, October 5, 1966 and at such time appellant's counsel stated that appellee would have his money " * * * by Monday at the latest and maybe Friday." The agreement was transcribed by the court reporter and is contained in the statement of facts.

■ The trial court was meticulous in ascertaining the terms of the agreement and in determining that both parties thereto fully understood the same and consented thereto before approving the same. The court not only orally pronounced its approval at the conclusion of the hearing, but also entered at the time its approval on the docket sheet of the court, as hereinabove stated. The formal reduction of the agreement thereafter in a written judgment neither added to nor detracted from the compromise settlement agreement that had been entered into by the parties and unqualifiedly approved by the court prior to appellant's attempt to withdraw its consent. Appellant's withdrawal of consent after the terms of the compromise settlement agreement had been made known to the court and expressly approved, did not affect the validity of such agreement. The established rule relating to "consent judgments" in general, as enunciated in Burnaman v. Heaton, 1951, 150 Tex. 333, 240 S.W.2d 288, has no application to compromise settlement agreements. Esco v. Argonaut Ins. Co., supra.

■ In our opinion the approval of the compromise settlement does not constitute a judgment in the ordinary sense of the word and it is not appealable. When once entered into it supersedes the original claim, and can only be set aside in an independent action based upon fraud or other equitable grounds. Pacific Employers Ins. Co. v. Brannon, 1951, 150 Tex. 441, 242 S.W.2d 185; Esco v. Argonaut Ins. Co., supra; Pearce v. Texas Employers Insurance Ass'n, supra; Cordova v. Associated

Employers Lloyds, 250 S.W.2d 945, Tex. Civ.App.1952, writ ref.

Since the approval of the compromise settlement agreement does not constitute an appealable judgment, this Court has no jurisdiction over this appeal.

Appeal dismissed, w. o. j.

COLEMAN, J., not sitting.