**Elia Garza SANCHEZ, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 1829.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 28, 1978.

Rehearing Denied with opinion ordering original opinion withdrawn and substitute opinion delivered and filed July 19, 1978.

Gary Lee, Bates, Lee & McCool, Houston, for appellant.

Stan Pfeiffer, Mounger, Whittington & Pfeiffer, Houston, for appellee.

COULSON, Justice.

Our original opinion in this case has been ordered withdrawn and the following one substituted for it.

Elia Garza Sanchez filed a claim with the Industrial Accident Board of Texas against Liberty Mutual Insurance Company for injuries allegedly sustained while in the course and scope of her employment by Joske's Department Store. On November 4, 1976 the Board entered its "final award." On November 10, 1976 the Board received notice from Sanchez that she was

dissatisfied with that award and desired to appeal by a suit in district court. Such a suit was filed on November 29, 1976. Liberty Mutual was unaware of the filing of that suit until it was served with citation on January 3, 1977. In the intervening period between announcement of the Board's award and such service, Liberty Mutual issued a draft in the exact amount of the unpaid portion of the Board's award and sent it to Sanchez and her attorney. Sanchez and her attorney negotiated the draft and divided the money with Sanchez taking seventy-five percent and her attorney taking twenty-five percent of it as a legal fee. Asserting that Sanchez's acceptance of the money barred her suit appealing the award, Liberty Mutual moved for summary judgment. The trial court granted that motion and entered a take-nothing judgment against Sanchez from which she appeals. We conclude that since the money paid to Sanchez and her attorney was merely voluntary compensation payment and not consideration for an accord and satisfaction, acceptance of the money does not bar Sanchez's suit and the case must be reversed and remanded.

A duly perfected appeal from an award of the Industrial Accident Board divests the Board of all jurisdiction with respect to the claim and invests jurisdiction, as of the date of the filing of the suit, in the district court. *American Employers' Ins. Co. v. Scott*, 33 S.W.2d 845 (Tex.Cvi. App.—Eastland 1930, writ ref'd). Once the district court has acquired jurisdiction, the Board's award is vacated and no longer has any force or significance. *E. g., Latham v. Security Insurance Co. of Hartford*, 491 S.W.2d 100 (Tex.1972). As such, Liberty Mutual's payment of money in the amount of the Board's award after the filing of the suit did not constitute a "payment of the Board's award." *Buffalo Insurance Company v. McLendon*, 402 S.W.2d 559 (Tex.Civ. App.—Texarkana 1966, no writ). The Board's award was a nullity and that amount had no more significance than any randomly chosen figure.

Further, the payment cannot be deemed satisfaction of a compromise settlement agreement since no such agreements entered into after the court had acquired jurisdiction can be given force or effect unless they have received the court's approval. *Texas Employers Ins. Ass'n v. Miller,* 137 Tex. 449, 154 S.W.2d 450 (1941, opinion adopted). Unapproved settlements are void and do not form the basis of a plea in bar of recovery. *See United States Fidelity & Guaranty Co. v. Lewis,* 266 S.W.2d 194 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.).

The money paid to Sanchez must be viewed simply as voluntary compensation payments. Her attorney should not have retained twenty-five percent of the money as a legal fee, since such fee was not approved by the court as is required by statute. Tex.Rev.Civ.Stat.Ann. art. 8306 § 7d (Supp.1978). Sanchez is entitled to recover that money from her attorney.

Although Liberty Mutual must be given credit for the amount it has paid Sanchez, we decline to require her to deposit the money into the registry of the court as urged in Liberty Mutual's cross point.

Reversed and remanded.